(No. 10917.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOHN W. DONOHUE *et al.* Appellants.

*Opinion filed December 21, 1916.*

1. INHERITANCE TAX—*no conflict exists between sections 2 and
25 of Inheritance Tax law.* Construing sections 2 and 25 of the
Inheritance Tax law together there is no conflict between them, as
section 2 refers to a life estate depending upon no condition or con-
tingency, whereas section 25 applies in case a life estate does de-
pend on some contingency or condition.

2. SAME—*section 25 of the Inheritance Tax law may apply to
vested as well as to contingent estates.* Section 25 of the Inher-
itance Tax law applies to vested as well as to contingent estates
whenever such vested estates are liable to be defeated, extended or
abridged by the conditions or contingencies provided in a will.

3. SAME—*when appraised value of life estates of grandchildren
should not be deducted before taxing remainder.* Where the life
estates given to the testator's grandchildren after the termination
of the life estates of the testator's children are subject to being
divested upon the happening of conditions specified in the will, the
entire value of the remainder to the testator's great-grandchildren,
after deducting the value of the life estates of the children, should
be taxed, under section 25 of the Inheritance Tax act, without de-
ducting the appraised value of the life estates of the grandchildren.

APPEAL from the County Court of Cook county; the
Hon. JOHN H. WILLIAMS, Judge, presiding.

NEWTON A. PARTRIDGE, for appellants.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG,
for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Cook county assessing an inheritance tax against the es-
tate of Michael A. Donohue, deceased.

The will of the deceased, besides disposing of other prop-
erty, created a trust estate valued by the appraiser and the

trial court at $565,000. The six children of the deceased were each given a life estate in a certain part of the income of said trust fund. The total valuations of said six life estates were appraised at $317,229. This amount subtracted from the amount of the trust estate would leave a remainder valued at $247,771. It is agreed that if this remainder should be taxed by the trial court this is the proper amount. By some mistake, as is conceded by the State, the trial court assessed the value at $282,771, or an excess of $35,000 over the amount at which the remainder should be taxed. It is also conceded that in the order signed by the trial court the distribution of the remainder for the purposes of taxation should have been made for the use of surviving "great-grandchildren" instead of "grandchildren."

The only real question in controversy in the case is whether or not the trial court erred in failing to fix an appraised value on the life estates of decedent's nine grandchildren. The provisions of the will particularly relating to this point are found in item 7, and read, in part, as follows:

"It is my will, and I hereby direct, that the said trust estate and the trust hereby created shall be continued and carried on until twenty-one (21) years after the death of the longest liver of my children and grandchildren who may be living at the time of my death, when the principal of said trust estate shall be divided among the beneficiaries thereof, as hereinafter provided. I direct that in case of the death of any of my said children leaving no issue surviving, then the share of such deceased child in said trust estate, and in the income arising thereof, shall belong and be paid to my surviving children in equal shares between them, always provided that where any of my grandchildren become entitled to share in my said trust estate and the income arising therefrom, such grandchildren shall be paid equal amounts *per capita* and not *per stirpes* as between themselves, as hereinafter provided. Whenever any of my children shall die leaving a child or children, then such children shall take in

equal portions the share to which the deceased child would have been entitled if living, but when the children of two or more deceased children become entitled to share in said trust estate or in the income arising therefrom, then such of my grandchildren shall take and share equally *per capita* between themselves."

It is argued by appellants that under these provisions of the will the nine grandchildren who were alive at the time of the testator's death each took a vested life interest in the trust property, and that under the provisions of section 2 of the Inheritance Tax law, "when any property or interest therein or income therefrom shall pass or be limited for the life of another, * * * the property of the decedent so passing shall be appraised immediately after the death of the decedent, and the value of the said life estate * * * shall be fixed upon mortality tables," these life estates of the grandchildren should have been valued and said valuations deducted from the remainder of the trust estate before that remainder was taxed. Counsel for the State, on the contrary, insist that under the provisions of section 25 of the Inheritance Tax law the value of these life estates of the grandchildren should not be deducted from the remainder before such remainder was taxed.

Said section 25 provides that "when property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred," with a further provision that on the happening of any contingency whereby the said property or any part is transferred to any person taxable at a less rate than the

rate imposed and paid, such person shall be entitled to a return of so much of the tax paid as the difference between the amount paid and the amount which said person should pay under the Inheritance Tax law, with interest. Said section 2 as it now reads, and said section 25, were passed as a part of the same act in 1909. (Laws of 1909, p. 312.) Obviously, they should be construed together, in connection with the rest of the act, to find the meaning of both. So construed, we do not think there is any conflict between the two sections. Thus read, section 2 requires that a life estate depending upon no condition or contingency shall be appraised and its value fixed upon mortality tables immediately after the death of the decedent, but if said life estate depends upon any contingency or condition then the provisions of section 25 apply.

Counsel for appellants argues at length that these life estates of the nine grandchildren are vested, and therefore they should be valued and the remainder reduced to that extent. That is not in accord with the provisions of said section 25. Said section, in effect, requires that any estate which depends upon a condition or contingency, whether the estate is vested or contingent, shall be controlled by the provisions of said section 25 in levying the inheritance tax. Said section 25 applies to vested estates when they are liable to be defeated, extended or abridged by the conditions or contingencies provided in a will. Even if it be conceded that the nine grandchildren did take vested estates, clearly, under the wording of the will, all of such estates were liable to be divested by conditions or contingencies that might arise after the death of the decedent. This court held these provisions of section 25 valid and constitutional in *People* v. *Starring,* 274 Ill. 289. Under that decision and the holdings of this court in *People* v. *Freese,* 267 Ill. 164, and *People* v. *Byrd,* 253 id. 223, there can be no question that the county court ruled correctly in levying the inheritance tax on the remainder left from the trust estate after deduct-

ing the valuations of the life estates of the six children. The life estates provided for the nine grandchildren were subject to be divested and should not be deducted from this remainder, as argued by counsel for appellants. If any of the contingencies happen whereby property is transferred to a person or persons taxable at a less rate, then, under the provisions of said section 25, the excess tax collected, if any, will be re-paid to the parties entitled to the same, with three per cent interest thereon.

The county court having committed a clerical error in its final order in fixing the amount of the remainder of the trust estate to be taxed, and certain other details, the judgment of that court will be reversed and the cause remanded, with directions to enter an order, with the corrections which it is agreed should be made, in accordance with the views herein expressed.

*Reversed and remanded, with directions.*