(No. 12092.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
LOUIS LOWENSTEIN *et al.* Appellees.

*Opinion filed June 20, 1918.*

1. INHERITANCE TAX—*section 25 of Inheritance Tax law applies
to any estate depending upon contingency.* Section 25 of the In-
heritance Tax law of 1909 applies to any property depending upon
contingencies or conditions whether or not there is a trust involved.

2. SAME—*fixing of taxes on contingent estates cannot be held in
abeyance under section 25 of the Inheritance Tax law.* Under sec-
tion 25 of the Inheritance Tax law of 1909 the fixing of taxes on
contingent estates cannot be held in abeyance until the persons en-
titled thereto shall come into the beneficial enjoyment or possession
of the same but such taxes must be fixed and are payable forth-
with, as provided in said section.

3. SAME—*paragraph 2 of section 25 of the Inheritance Tax law
applies to cases where tax had been held in abeyance.* Paragraph 2
of section 25 of the Inheritance Tax law of 1909 applies to con-
tingent estates, where, at the time said section was enacted, the
tax had been held in abeyance by the court because the estate
had not yet vested.

APPEAL from the County Court of Greene county; the
Hon. THOMAS HENSHAW, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, JOHN C.
BOWMAN, State's Attorney, and FLOYD E. BRITTON, for
appellant.

W. L. WINN, and WHITESIDE & WRIGHT, (HENRY
POLK LOWENSTEIN, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Greene
county to ascertain the inheritance tax due from the estate
of William P. Lowenstein, who died in that county, testate,
December 30, 1916. By his will Lowenstein bequeathed all
his personal property to his widow absolutely and all his

real estate to her for life. The will provided for a life annuity to testator's mother of $50 a year, which lapsed by reason of the mother's death prior to that of the testator. An annuity of $50 for life was also given to Ella D. Kelly and made a charge upon his real estate. The real estate left by him was divided into three parcels. One, known as the Post farm, contained about 214 acres, valued at $34,560. This was devised, subject to the life estate of the widow and the annuities, to testator's nephew, Henry D. Lowenstein, possession not to be given until he became thirty years of age, and the further proviso added that should he not be thirty years of age at the death of testator's widow the possession and income should go to certain of the testator's other relatives until Henry became thirty years old, and the title should go to them in fee if Henry died before he became thirty years of age. Another parcel of land known as part of the Ridings farm was devised to one of the testator's sisters, or if she was not living at the time his nephew, Henry, became thirty years of age, then to another nephew, Clarence, the son of his sister. The other part of the Ridings farm was devised to another nephew, Lee, with certain other conditions, which, in view of the questions raised here, need not be set out in detail. If certain of the contingencies happen that are referred to in the will the inheritance tax will be one amount, and if other contingencies happen it will be a different amount. The appraiser appointed under the Inheritance Tax law, after hearing the evidence, reported that the contingent remainders referred to in said will were not presently taxable, and that the tax on them should therefore be held in abeyance until the persons entitled thereto should come into the beneficial enjoyment of the same. The county judge of Greene county entered an order approving the report of the appraiser as to the inheritance tax being held in abeyance. From the order of the county judge an appeal was prayed to the county court, and the case was heard in that court on a stipulation

of facts which need not be set out here. The county court approved the finding of the county judge and entered an order approving the findings of the appraiser and the county judge. From that order of the county court this appeal was prayed.

Section 25 of the Inheritance Tax law as enacted and in force on July 1, 1909, provides as follows:

"Sec. 25. When property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred: *Provided, however,* that on the happening of any contingency whereby the said property, or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, or to any person, corporation or institution taxable at a rate less than the rate imposed and paid, such person, corporation or institution shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax laws, with interest thereon at the rate of three percentum per annum from the time of payment. Such return of over-payment shall be made in the manner provided for refunds under section 8.

"Estates or interests in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto

shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purposes of taxation, upon which said estates or interests in expectancy may have been limited.

"Where an estate for life or for years can be divested by the act or omission of the legatee or devisee it shall be taxed as if there were no possibility of such divesting." (Laws of 1909, p. 320.)

The real estate left under said will was not left as a trust estate, but the will provided specifically how the estate in the end, under different contingencies, should be distributed. The sole question at issue here is not the amount of the tax, but whether the tax should be levied now under the provisions of said section 25 or should be held in abeyance until the persons entitled thereto should come into the beneficial enjoyment thereof.

This court has construed section 25 and held it constitutional, and, in effect, enforceable according to its terms, in *People* v. *Byrd,* 253 Ill. 223, *People* v. *Freese,* 267 id. 164, *People* v. *Starring,* 274 id. 289, and *People* v. *Donohue,* 276 id. 88. Counsel for appellees concede this, but insist that those cases are not controlling because most, if not all, of them involved only personal property which was in the hands of the executor and therefore he was in a position to pay the tax, or else they were trust estates, where the trustee, as executor, was also in control of the property, while here, under the provisions of the will, the executor has nothing to do directly with the real estate. The argument of counsel for appellees is, in effect, that this court in *Billings* v. *People,* 189 Ill. 472, *People* v. *McCormick,* 208 id. 437, and *In re Estate of Kingman,* 220 id. 563, has held that contingent remainders in real estate should not be taxed until the remainders vest. It is conceded by counsel that all of these cases were decided before section 25 of the Inheritance Tax law was enacted by the legislature,

284 – 9

and therefore those cases and the reasoning therein do not necessarily control here, because the entire act on taxing inheritances has been re-enacted since the decision of those cases. Counsel insist, however, that construing section 25 in connection with the rest of the act as enacted and in force July 1, 1909, it should be held that as to remainders in real estate where no trust exists, such as provided for in the will here in question, it was the intention of the legislature that the fixing of the inheritance tax should be held in abeyance until the persons entitled to the remainders shall come into the beneficial enjoyment or possession of the same, as provided in the second paragraph of section 25. Obviously, the legislature intended by the wording of said section that property depending upon contingencies or conditions, even if there was no trust involved, should be covered by that section. If this is not so there would be no meaning to the word "otherwise," in that clause of the section which reads, "when property is limited in trust or otherwise."

Counsel for appellees argue that to construe the second paragraph of section 25 as applying to these remainders in real estate would be to give said paragraph a retroactive effect, when it is clear from the reading of the entire act that no such thing was intended by the legislature. We think this argument is without force. As we construe said second paragraph, it was intended to apply particularly to estates in which the fixing of the tax had been held in abeyance at the time that section was enacted. Clearly, under the wording of this section, any tax on contingent remainders or contingencies that had been held in abeyance by the court, under the rules laid down in former decisions of this court, because said estates had not yet vested, would be covered by this provision of the section.

We do not think there is anything in the wording of the second paragraph of section 25 that indicates, as argued by counsel for appellees, that the fixing of all taxes on contingent estates should be held in abeyance until the persons

entitled thereto should come into the beneficial enjoyment or possession of the same, for if that be the construction to be given to the wording of the section then it would apply to property transferred or limited in trust, the same as it would to any other contingency or condition. In effect, the construction contended for by the State has been given to a New York statute worded substantially as section 25. (*Miller* v. *Tracey,* 86 N. Y. Supp. 1024; *In re Vanderbilt,* 172 N. Y. 69; *In re Tracey,* 179 id. 501.) Section 25 is in its wording substantially taken from the statute of New York which was construed in the decisions just cited.

The above decisions answer, in effect, also the argument of counsel for appellees that to construe section 25 as contended for by counsel for the State would result in requiring the tax to be laid on the property itself and not upon the right to take the property by descent or devise. In *In re Vanderbilt, supra,* the court said (p. 74) : "The fact that the tax is to be paid out of the property does not render it a tax on property. In both the Federal and State inheritance tax laws are to be found provisions, in the case of personalty, requiring the executor to deduct the amount of the tax before turning over the legacy to the legatee, and, in the case of realty, making the tax a lien on the property, yet nobody has supposed that these provisions render the tax a property tax. * * * A tax is a property tax when imposed by reason of the ownership of property; a transfer tax when imposed on the method of its acquisition."

The cases cited also answer the argument of counsel for appellees that the legislature never intended the life estate to be lessened by payment of the inheritance tax, as provided in section 25. The court in *In re Tracey, supra,* said (p. 509) : "In the case at bar it is the duty of the executors and trustees to ascertain the value of the respective life estates and estates in remainder in the manner pointed out by said section 230, and having done this, they should compute the transfer tax and pay the same forthwith out

of the property transferred. The result is that the life tenant loses, during the continuance of his estate, the interest upon the *corpus* of the trust so paid out, and eventually the remainder-man receives his estate diminished by the amount of said payment. Whether this mode of taxation works out exact justice as between the life tenant and the remainder-man is a question with which the court is not concerned. As we read the statute, the legislative intention is clear that the transfer tax shall be paid out of the *corpus* of the trust estates and not out of the income." That reasoning applies with full force to the wording of section 25 which is here under consideration.

Section 25 provides that if too great an inheritance tax is fixed under its provisions when the property, on the happening of the contingencies, is actually transferred to the person, natural or otherwise, who should have paid a less tax, the excess shall be paid back to such person by the State authorities. Manifestly, the legislature had in mind that a greater tax might in some cases be fixed under the provisions of said section than the State would ultimately be entitled to. This being so, we think the argument of counsel for appellees as to the unjustness of the provisions is fully answered, and that such an argument should be addressed to the legislature and not to the courts. This argument was also answered by this court in *People* v. *Starring, supra,* where the court said (p. 293) : "The State has but one opportunity to assess the inheritance tax. It is only by assessing the highest rate possible under any contingency which may happen, with the provision that the excess will be re-paid in event the contingency does not happen, that the State is assured of securing all the tax to which it is entitled."

Counsel for appellees earnestly argue at length that the construction heretofore placed upon this statute is impracticable because there is no way for the executor to collect the tax, and that therefore the legislature never intended to

charge the executor or administrator, under conditions similar to these, with the taxes, as provided in section 6 of the act. They contend that this court has practically held in *People* v. *Union Trust Co.* 255 Ill. 168, that such officers should not be charged with inheritance taxes on those legacies which dò not come into their hands; that (p. 180) "this provision of the statute applies only to property within this State at the date of the testator's death, or to property that thereafter comes into the possession of the executor, administrator or trustee." We see nothing in the holding in that case that in any way conflicts with the construction already placed upon the statute as to the inheritance tax being fixed as provided in section 25.

Counsel for the State on this point argue that under section 5 and other provisions of the Inheritance Tax law the executor is authorized to sell any of the real estate to pay the inheritance tax, just as he would be to pay any tax against property, citing also in support of that doctrine Chrystie on Inheritance Taxation, (pp. 761, 813.) We find it unnecessary to decide this question on this record, for whether the State can collect this tax when fixed, as provided for in section 25, through the executor or otherwise, is not an issue in this case, and the only reason why such question should be considered at all at this time in this case is to ascertain what, if any, bearing it may have on the legislative intention in enacting section 25.

The evils that counsel for appellees anticipate may arise under a holding by this court that section 25 requires a tax to be fixed in accordance with the provisions of said section and not held in abeyance until the property shall vest in the persons who are entitled to the beneficial enjoyment or possession thereof, in our judgment are somewhat imaginary. Whether the executor is authorized to sell property to pay taxes or not, section 24 of the Inheritance Tax law provides for a lien upon the property chargeable with such tax until it is paid. In view of this and other provisions

of the Inheritance Tax law, we are of the opinion that very few cases will arise where it will be necessary, even if he has the power, for an executor or administrator to attempt to sell the property in order to obtain the necessary funds to pay the inheritance tax. Be that as it may, under the decisions of this court holding section 25 constitutional, and there being no possible way of distinguishing, in principle, between those cases and the case here under consideration, we think the conclusion necessarily follows that the county court erred in holding that the inheritance tax should not be fixed until the persons entitled thereto are vested with the beneficial enjoyment of the property in question. The tax should be fixed in accordance with the provisions of section 25 as heretofore construed.

The judgment of the county court will therefore be reversed and the cause remanded to that court for further proceedings as to fixing such tax in accordance with the views herein expressed.     *Reversed and remanded.*

---

(No. 11991.—Reversed and remanded.)
LIBBY SHULMAN, Defendant in Error, *vs.* JOHN J. MOSER, Plaintiff in Error.

*Opinion filed June 20, 1918.*

1. PRACTICE—*Supreme Court may by certiorari review Appellate Court's judgment in forcible detainer.* Under section 121 of the Practice act, as amended in 1909, the Supreme Court may grant a writ of *certiorari* to the Appellate Court to review its judgment in an action of forcible entry and detainer for the restitution of the premises, only, as such action is not *ex contractu.*