(No. 14378.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, vs.
IDA M. GERLAUGH et al. Appellees.

*Opinion filed February 22, 1922.*

1. WILLS—*when reversion is in life tenants, subject to vesting of remainder.* Where a will creates a trust in real property and provides for the payment of income to the testator's wife and two daughters, equally, for their lives, the remainder after the death of the survivor to go to the grandchildren "then living," the reversion in the land is in the two daughters as heirs of the testator, subject to be defeated upon the vesting of the remainder in the grandchildren.

2. INHERITANCE TAX—*section 25 of Inheritance Tax act applies to vested remainder.* Section 25 of the Inheritance Tax act may be applied to a vested remainder, and its application is not restricted to such remainders, only, as are defined as contingent in the construction of wills.

3. SAME—*when reversionary interest will be the possible contingency producing highest amount of tax.* Where a will creates life estates in the testator's wife and two daughters, with a remainder to take effect in the testator's grandchildren living at the death of the survivor, under section 25 of the Inheritance Tax act the future estate may be taxed as descending by way of reversion to the daughters or to one of them, as being the possible contingency producing the greatest amount of tax.

APPEAL from the County Court of Vermilion county; the Hon. THOMAS A. GRAHAM, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, and VIRGIL L. BLANDING, for appellant.

CHARLES TROUP, and RALPH B. HOLMES, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Taylor Gerlaugh died testate, a resident of Vermilion county, March 17, 1921, possessed of about $135,000 worth of property. He left surviving his widow, Ida M. Gerlaugh, and his daughters, Elizabeth J. Terry and Jessie G.

Caldwell, as his only heirs-at-law. Elizabeth J. Terry had five children and Jessie G. Caldwell one child, all living. After an appraisement by an appraiser and an assessment by the county judge, on appeal to the county court a final order was entered in that court on October 7, 1921, assessing an inheritance and transfer tax against the property of the beneficiaries. From that order this appeal was prayed by the State.

The facts are substantially agreed upon and so far as necessary to the decision of the question involved herein are as follows: The net value of the estate was fixed at $135,577.71, of which $109,240 was found to be the value of certain trust property devised by the fifth clause of the will. The will gave the household goods and furniture to the widow. All the rest of the personal property was bequeathed to the widow and the two daughters, share and share alike. The homestead was devised to the wife for life, with remainder in fee to the two daughters. The fifth clause of the will, which is particularly under consideration here, devised 546.20 acres of land to the wife and daughter Elizabeth as executrices, to be held by them in trust, the will providing, among other things, as follows: "Out of the net proceeds there shall be paid semi-annually, beginning six months after my death, one-third to my wife, Ida M. Gerlaugh, if living, and the remainder equally to my daughters, Elizabeth J. Terry and Jessie G. Caldwell, but if either be dead leaving a child or children or heir of her body, such descendant during the term of this trust enjoy such benefit as such deceased daughter would have had; such payments to my said wife are to be continued so long as she lives, and should either daughter die during the life of my wife leaving no heir of the body she shall take a one-half share, and should both daughters die, neither leaving an heir of her body, my wife shall during her life enjoy the whole thereof; upon the death of the survivor of said three persons, viz., whenever my wife and both of

said daughters shall be dead, I give, devise and bequeath the said property to my grandchildren then living, share and share alike, *per capita* and not *per stirpes,* but if any grandchild should be dead leaving living descendants, they shall take the share of such grandchild *per stirpes.*" The residue of the real estate and all property not otherwise devised was by the sixth clause of the will given to the wife for life and at her death to be sold and converted into money by the executrices and distributed to the same beneficiaries mentioned in the fifth clause of the will, except that no trust should apply to the property conveyed by the sixth clause but the distribution as to said property should be absolute.

The county court found that under the will the widow and two daughters received property, including their respective life estates in the trust property, valued as follows: The widow $32,895.26, Elizabeth J. Terry $37,247.78, and Jessie G. Caldwell $38,543.92. The remainder in the trust property, after the death of the life tenants, was valued at $28,620.75. An inheritance tax was assessed on all the above amounts, and no question is raised by the State as to the correctness thereof except as to the inheritance tax levied on the remainder, found to be worth $28,620.75, as to which an exemption of $20,000 was allowed by the county judge and by the county court on appeal. The State insists that under the proper construction of the statute this exemption should not be allowed.

Counsel for both parties assume that the court arrived at the tax to be levied on the remainder, valued at $28,620.75, under the provisions of section 25 of the Inheritance Tax law, which reads, in part, as follows: "When property is transferred or limited in trust or otherwise, and the rights, interests or estates of the transferee or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest

rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article." (Hurd's Stat. 1917, p. 2508.)

Counsel for the State argue that the remainder in the trust property might possibly ultimately go to the two daughters of the decedent as his only heirs-at-law, or to one of them, and as the amount of the tax assessable in such a contingency is greater than if there were grandchildren who inherited such a remainder, under the provisions of section 25 above quoted the tax should be assessed on such contingency, as being the possible contingency producing the greatest amount of tax. In that event, if either or both of the two daughters inherited there would be no exemption of $20,000 allowed, as each of the daughters had already been allowed her $20,000 exemption on the other property she had received. It would appear that the remainder in the trust property, so far as the interests of the grandchildren are concerned, would be contingent, (*Spatz* v. *Paulus,* 285 Ill. 82; *Smith* v. *Chester,* 272 id. 428;) and that the reversion in the land under this provision would be vested in the testator's two daughters, subject to be defeated upon vesting in said grandchildren or any of them. (*Lewin* v. *Bell,* 285 Ill. 227.) However that may be, the decision of the question whether the remainder to the grandchildren is contingent or vested would not in any way vary the decision as to the inheritance tax that should be levied, for whether the remainder was contingent or vested section 25 would apply as to the tax that should be levied. *People* v. *Donohue,* 276 Ill. 88.

Counsel for appellees argue that it cannot be assumed that the remainder under the trust, valued at $28,620.75, might ultimately revert to one or both of the two daughters, because, even if all the grandchildren now living should die, there is still a possibility of additional grandchildren being born, and it cannot be determined until the death of the last of the two daughters whether she will leave other

children surviving her, grandchildren of the testator who would take the remainder. It can readily be seen that it cannot be asserted with definiteness that the condition will arise or even that it is probable, but there is a possibility that all the present grandchildren might die and no other grandchildren be born, and that one or both of the two daughters of the testator would take all of this remainder, and therefore it would seem clear under the reasoning of this court in *People* v. *Byrd,* 253 Ill. 223, *People* v. *Freese,* 267 id. 164, *People* v. *Donohue, supra, People* v. *Lowenstein,* 284 Ill. 126, and *People* v. *Camp,* 286 id. 511, that under section 25 the highest possible tax which in any contingency the property would become liable to pay should be the tax levied. The argument of counsel for appellees on this question appears to be based on what result might ultimately be liable to happen rather than on what result might possibly happen that would produce the largest tax. This is not the proper construction that should be placed upon section 25. The reasoning of this court in *People* v. *Byrd, supra,* does not so construe section 25 but rather construes it as before stated,—that in fixing the inheritance tax the court should take the highest amount which under any contingency or possibility might result from the disposition of the property under the provisions of the will. It is manifest that the highest tax that under any possible contingency could be levied on this property under the will would come if the remainder in the property should descend to one or both of the two daughters. It necessarily follows, therefore, that the county court should have assessed the inheritance tax on this remainder without allowing said $20,000 exemption therefrom.

The judgment of the county court will be reversed and the cause remanded, with instructions to assess the tax on the remainder in the trust property in accordance with the holding of this opinion.

*Reversed and remanded, with directions.*