Day, J.
 

 The original action herein was a proceeding in the probate court to determine the inheritance tax due in the estate of Francis B. King-seed. An examination of the will creating the estates discloses that, upon the death of the testator, his son and heir, Wilbur Francis Kingseed, became seized o.f an estate in fee, subject to be divested should the said Wilbur Francis Kingseed “die before arriving at the age of 25 without leaving heirs of his body,’’ upon the happening of which contingency the estate would vest in the brothers and sisters of the testator; in other words, there was created a contingent estate in such brothers and sisters. Under such a situation how shall the inheritance or succession tax be applied?
 

 It is the contention of the plaintiffs in error that there is now no taxable succession in the brothers and sisters, and that the Legislature, in the tax laws of the state, did not proyide for the levying of a tax against any contingent interest, any interest that did not become vested upon the death of the testator; in other words, that there is no taxable succession until the interest actually becomes vested.
 

 
 *237
 
 The tax commission, defendant in error herein, contends that on the succession passing under the fifth and sixth items of the will, a temporary order should be entered at the highest rate, which, on the happening of any of the contingencies or conditions provided for in the wili, would be possible under the provisions of the Inheritance Tax Act, leaving final .assessment and determination of the tax to be made , when the contingency or condition has happened or been complied with. A solution of the problem depends on the construction given Section 5313, General Code, which provides as follows:
 

 “When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a, tax sha.ll be imposed upon such successions at the highest rate which, on the happening of any such contingencies or conditions, would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the probate court shall enter a temporary order determining the amount of such taxes in accordance with this section; but on the happening of any contingency whereby the said property, or any part thereof, passes so that such ultimate succession would be exempt from taxation under the provisions of this subdivision of this chapter, or taxable at a rate less than that so imposed and paid, the successor shall be entitled to a refunder of the difference between the amount so paid and the amount payable on the ultimate
 
 *238
 
 succession under the provisions of this chapter, without interest; and the executor or trustee shall immediately upon the happening of such contingencies or conditions apply to the probate court of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days’ notice by mail to all interested parties, for an order modifying the temporary order of said probate court so as to provide for a final assessment and determination of the taxes in accordance with such ultimate succession. Such refunder shall be made in the manner provided by Section 5339 of the General Code.”
 

 It is to be noted that the foregoing section relates to succession rights or interests in an estate which are dependent upon “contingencies or conditions whereby they may be * * * created, defeated, extended or abridged.” Applying this language to the case at bar, the estates in the brothers and sisters are to be “created” upon the contingency of Wilbur Francis Blngseed dying “before arriving at the age of twenty-five years without leaving living heirs of his body,” and the estate of Wilbur Francis Kingseed may be “defeated” by the same contingency, and the law provides for each of above contingencies that the tax shall be imposed upon such passing of property in possession or enjoyment, present or future, at the highest rate; in other words, when it appears that any successions are dependent upon a contingency, the rate that will mate the highest return to the state by way of inheritance tax must be the one adopted, and such taxes shall be due and payable forthwith, subject to the refunder provided
 
 *239
 
 for in 'Section 5343, General Code, such, rate in the present instance being as provided in paragraph 2 of Section 5335, and para,graph 3 of Section 5334, General Code, to wit, 5 per cent.
 

 It is claimed on behalf of the plaintiffs in error that the collection of this succession tax should be postponed to the time of happening of the contingency, and in support of that view our attention is called to Section 5336, General Code, which provides:
 

 “Taxes upon the succession to any estate or property, or interest therein limited, dependent or determinable upon the happening of any contingency or future event, and not vested at the death of the decedent,
 
 by reason of which the actual martlet value thereof cannot be ascertained at the time of such death *
 
 * * shall accrue and become due and payable when the persons * * * then beneficially entitled thereto shall come into actual possession or enjoyment thereof.”
 

 It is to .be noted that in order to apply Section 5336, General Code, three elements must be taken into consideration: (1) The succession must be dependent or determinable upon the happening of a contingency or future event; (2) it must not be vested at the death of the decedent; and (3) by reason of the two foregoing elements such condition must exist that “the actual market value cannot be ascertained at the time of such death.” This construction of Section 5336 was adopted by the court in
 
 Tax Commission
 
 v.
 
 Oswald, Exrx.,
 
 109 Ohio St., 36, 53, 141 N. E., 678.
 

 Now, in the present instance, the actual market value of the succession under consideration can
 
 *240
 
 be and has been accurately determined, to wit, $60,941.66. Therefore there can be no application of the principle set forth in Section 5336 providing for a postponement of the payment of this tax, and we must therefore reach the conclusion that Section 5343, General Code, controls in the premises. The conclusion that we have reached herein is sustained by the case
 
 In re Zborowski,
 
 213 N. Y., 109, 107 N. E., 44, a case not dissimilar from the case at bar; also by the case of
 
 In re Estate of Parker,
 
 226 N. Y., 260, 123 N. E., 366. These cases involved the construction of 'Section 230 of the Inheritance Tax Law of New York, which, upon comparison with Section 5343, General Code of Ohio, will be found to be practically the same in effect, if not in words. It provides:
 

 “When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they inay be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of .any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred.” Section 230, c. 61, Cahill’s Consolidated Laws of N. Y., 1923.
 

 See, also,
 
 In re Estate of Hutton,
 
 176 App. Div., 217, 162 N. Y. S., 972; Id., 220 N. Y., 770, 116 N. E., 1053;
 
 In re Estate of Seligmann,
 
 219 N. Y., 656, 114 N. E., 853.
 

 
 *241
 
 This court has heretofore recognized the fact that:
 

 “The provisions of our Inheritance Tax Act in reference to the payment of an inheritance tax are substantially the same as the provisions of the Inheritance Tax Act of New York, and our Inheritance Tax Act probably was modeled after the New York act.”
 
 Wellman
 
 v.
 
 Cleveland Trust Co.,
 
 107 Ohio St., 267, at page 276, 140 N. E., 104, 106.
 

 The inheritance táx laws of Illinois áre also in much the same phraseology a,s those of Ohio; for instance, Section 25 of the Illinois Uniform Tax Act is almost in the same words as Section 5343, G-eneral Code of Ohio, thé Illinois section reading as follows:
 

 “When property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries aré dependent upon contingencies or conditions whereby they may be wholly or in part created, defeáted, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred.” Section 25, Par. 398, c. 120, Illinois Revised Statutes, 1923.
 

 The construction placed upon this section of the Illinois statute in
 
 People
 
 v.
 
 Starring,
 
 274 Ill., 289, 113 N. E., 627, resulted in a tax levied at the highest rate possible in case the event or contingency occurred immediately. The following cases give construction to Section 25 of the Ulinois Code
 
 *242
 
 involving situations similar to those arising under the will in the case at bar:
 
 People
 
 v.
 
 Byrd,
 
 253 Ill., 223, 97 N. E., 293;
 
 People
 
 v.
 
 Freese,
 
 267 Ill., 164, 107 N. E., 857;
 
 People
 
 v.
 
 Donohue,
 
 276 Ill., 88, 114 N. E., 513;
 
 People
 
 v.
 
 Lowenstein,
 
 284 Ill., 126, 119 N. E., 917;
 
 People
 
 v.
 
 Camp,
 
 286 Ill., 511, 122 N. E., 43;
 
 People
 
 v.
 
 Gerlaugh,
 
 302 Ill., 131, 134 N. E., 175.
 

 All inheritance taxes are the result of statutory-enactment, and it is the claim of the plaintiffs in error that both the . Illinois and New York taxes are “transfer” and not “succession” taxes, hence that the decisions in those states are not applicable. Marked line of demarcation may be noted between the right to
 
 transmit
 
 and the right to
 
 receive
 
 an estate. The federal estate tax is a tax on the right to transmit. Such a tax is imposed on the entire estate without regard to the' beneficiaries. It is an excise tax on the right of a decedent to pass his estate to his heirs or devisees or legatees: Sometimes this is called- a tax on the right to transfer.
 

 There has also been confusion in the use of the words “transfer” and “succession.”
 

 The Ohio statute (paragraph 2 of Section 5331) defines
 
 “succession”
 
 as meaning
 
 “the passing of property
 
 in possession or enjoyment, present or future. ’ ’
 

 The New York act (second sentence of Section 243 of Chapter 61, of Cahill’s 'Consolidated Laws of N. Y., 1923) defines “transfer” as follows:
 

 “The word
 
 ‘transfer’
 
 as used in this article shall be taken to include the
 
 passing of property
 
 or any interest therein in the possession or
 
 *243
 
 enjoyment, present or future, by inheritance, descent, devise, bequest, grant, deed, bargain, sale or gift, in the manner herein prescribed.”
 

 The Illinois Inheritance Tax Act (Section 423 of Chapter 120, of Cahill’s Illinois Revised Statutes, 1923) reads as follows:
 

 “When property, or any interest therein or income therefrom, shall
 
 pass
 
 to or for the use of any person, institution or corporation by the death of another, by deed, instrument or memoranda, such
 
 passing
 
 shall be deemed a
 
 transfer
 
 within the meaning of this Act, and taxable at the same rates, and be appraised in the same manner and subjected to the same duties and liabilities as any other form of transfer provided in this Act.”
 

 Is not the conclusion irresistible that the same process or act of the “passing of property” from a decedent to his heir or beneficiary, which we in Ohio call a
 
 succession,
 
 is labeled
 
 transfer
 
 in New Tort and Illinois ?
 

 Reference may be made to the Illinois statute and the decisions of the Supreme Court of that state construing the same by reason of the close resemblance between the Ohio statute and that of Illinois.
 

 In
 
 People
 
 v.
 
 Schaefer, Exr.,
 
 266 Ill., 334, the Supreme Court said:
 

 “An inheritance tax is not a tax upon the property itself but upon the right to succeed to the property, and only the beneficial interest passing from the decedent to the heir or legatee and vesting at the time of the death is taxable.”
 

 This is in accord with the decisions of this court
 
 *244
 
 in
 
 State, ex rel.,
 
 v.
 
 Ferris,
 
 53 Ohio St., 314, wherein the court says on page 325:
 

 “Properly understood, it is not the right to transmit, but the right and privilege to receive, that is taxed.” See also
 
 Hagerty
 
 v.
 
 State, ex rel.,
 
 55 Ohio St., 613, and
 
 State, ex rel.,
 
 v.
 
 Guilbert, And.,
 
 70 Ohio St., 229.
 

 Later New York cases also proceed upon the theory that the tax is not assessed upon the right to transmit, but upon the right to receive.
 
 In re White,
 
 208 N. Y., 64. We cannot concede the distinction, whether the basic idea be called “transfer tax” or “succession tax,” for the succession tax is, after all, not a tax imposed on property, but is a privilege tax on the right of taking property from another, whether by will or devolution, as a matter of law.
 
 In re Morris’ Estate,
 
 138 N. C., 259, 50 S. E., 682, states the proposition as follows:
 

 “The tax is variously called an inheritance tax, a legacy tax, a transfer tax, and a succession duty. It is defined as follows: ‘A burden imposed by government upon all gifts, legacies, inheritances and successions, whether of real or personal property, or both, or any interest therein, passing to certain persons (other than those specially excepted) by will, by intestate law, or by deed or instrument made
 
 inter vivos
 
 intended to take effect at or after the death of the grantor.”
 

 So, by whatever name this tax is called, the principle of this privilege is the same, and it is the result of legislative act. Tfie frank purpose of the inheritance tax law seems to be to secure for the state the highest rate of taxation that any given succession is justly susceptible of in the
 
 *245
 
 legislative mind, and to secure the same to the state at the earliest moment, subject to such refunders as the Legislature has seen fit to allow. If its provisions seem harsh, the place to seek the remedy is in the Legislature and not in the courts. Judicial interpretation must be. based upon legislative enactment, as. the same is found in the statute books.
 

 An excellent collection of the statutes of the various, states, and, a discussion of the adjudications thereon, will be found in 30 A. L. E., 482, but, after all, the construction given must depend upon the phraseology of the statutes of the state under consideration. We are, however, unwilling to recognize the distinction between a “transfer tax” and a “succession tax,” as claimed by the plaintiffs in error.
 

 The remaining question is whether Section 5344, General Code, prevents the levying of this tax at the present time, as provided for in Section 5343, General Code. Section 5344 provides as follows:
 

 “Estates in expectancy which are contingent or defeasible, and in which proceedings for the determination of the taxes have not been taken, or have been held in abeyance, shall be appraised at their full undiminished value, when the persons entitled thereto shall come into, the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for. the purpose of this subdivision of this chapter, upon which such estates in expectancy may have been limited. An estate for life or for years which can be divested by the act or omission of the legatee, or devisee,
 
 *246
 
 shall be appraised and taxed as if there were no possibility of any such divesting.”
 

 The construction placed upon this section by the court of common pleas, as we infer from plaintiffs in error’s brief, seems to have been that Section 5344 applies to estates not now vested, but which may vest in the future upon the happening of a designated event, and that Section 5343 deals with estates that have already vested, but are subject to be, divested either in whole or in part upon the happening of a future event.
 

 Whether Section 5343 relates to the succession (1) of estates, the right to which is vested, but whose possession and enjoyment are
 
 created
 
 by the happening of a future contingency or condition; or (2) to estates or interests now vested, but whose possession and enjoyment may-be
 
 defeated
 
 by a future contingency or condition, is not before us in this case for decision, but we -are of opinion that Section 5343 does relate to estates or interests in which there is no present fixed right, but in which such may be created by the happening of a future uncertain contingency or condition, and this is the species of estate created in the brothers and sisters by the will in the case at bar.
 

 Now, Section 5344 is only intended to apply to two classes of cases: First, contingent or defeasible estates in expectancy, in which no proceeding for the determination of a tax has been filed; and, second, contingent or defeasible estates in expectancy, in which the determination of the tax has been held in abeyance. This section should, therefore, as to the second feature, be construed in connection with Section 5336, where the taxation
 
 *247
 
 of estates has been held in abeyance, as provided therein, to wit, “not vested at the death of the decedent, by reason of which the actual market value thereof cannot be ascertained at the time of such death.”
 

 All that Section 5344 does is to prescribe the method of appraisement to be used when the assessment of tax is being made
 
 at the. time the successors receive the estates,
 
 and it has no application to contingent estates which must be taxed at the highest rate, which, on the happening of any future contingency, would be possible, such estates being those the succession to which depends upon a contingency or condition whereby they may be “created, defeated, extended or abridged,” as provided in Section 5343.
 
 In re Estate of Seligmann,
 
 219 N. Y., 656, 114 N. E.. 853.
 

 It is argued on behalf of the plaintiffs in error, as a further reason that the Legislature did not intend that contingent interests of the character of the brothers and sisters should be taxed, that there is no provision in the statute for a refunder when the contingency does not happen, but the provision for the refunder relates to “the happening of any contingency whereby the said property * * * passes so that such ultimate succession would be exempt from taxation * * * or taxable at a rate less than that so imposed and paid * * *.” Section 5343, General Code.
 

 Now this tax is paid by the estate upon this succession, and if Wilbur F. Kingseed reaches the age of 25 and comes into the full enjoyment of his property, then of course testator’s brothers
 
 *248
 
 and sisters have no estate, and Wilbur F. King-seed is entitled to the refunder if the tax has been paid at a higher rate than it should have been. In this event the brothers and sisters have paid no tax, and they have not shared in the estate. Upon-the other hand, if the contingency happens by which they coiné into their estate, then there has been paid no more than is légally due; in other words, this succession tax .is paid by the estáte and is not paid by the brothers and sisters.
 

 In conclusion, we find that the Court of Appeals in assessing the succéssion tax herein at the rate enumerated in Paragraph 2, Section 5335, General Code, under a temporary order as provided in Section 5343, General Code, reached the right conclusion, and its judgment in that behalf is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade, and Robinson, JJ., concur.