No. 87

TAX COMMISSION v. COMMERCE

GUARDIAN BANK, Exec.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1765. Decided Dec. 27, 1926

635. INHERITANCE TAX—When, upon succession, the interests or estates of the successors are dependent upno contingencies or conditions whereby the estate given may be created, defeated, extended or abridged, a tax shall be imposed upon the conditional successions at the highest rate under a temporary order pursuant to provisions of 5343 GC.

RICHARDS, J.

The Probate Court, in this case fixed the amount of inheritance taxes to which the estate of Elmer H. Close, who died testate on

Aug. 7, 1924, was subjected and the Lucas Common Pleas affirmed the judgment. The Tax Commission of Ohio being dissatisfied with the finding, prosecuted error to the Court of Appeals.

The testator left a widow, a daughter and a son. He also left surviving him, his father, sister, two nephews and a niece. The will names the Commerce Guardian Trust & Savings Bank as executor. Item 6 of the will directs the trustee to cause the property coming into its hands to be appraised and to divide it into three equal parts. By item 7, one part is to be set aside for the benefit of the testator's wife, one for the benefit of his daughter and one for the benefit of his son.

Most of the controversy arises over the construction of item 14 of the will, which provides in part that if both children die without issue before the testator's wife and before the termination of the trusts, then the property under such trusts were to be delivered over to such persons as would inherit the same from the testator under the law as though he had died intestate. The property under the trust, for the benefit of the wife was to pass in a like manner in the event of her death. The Court of Appeals held:

1. No controversy exists as to the tax properly chargeable against the bequest to the widow and son of furniture, jewelry, etc., nor is there controversy as to the tax chargeable against the life estate of the widow given in one-third of the fund.

2. The probate court fixed the value of the remainder in two-thirds of the estate conditionally passing to the widow at $176,995.38 and fixed the tax thereon against her at the lowest possible rate. The court also found the value of the income for life in one-third of the estate going to the son and assessed the tax thereon at the lowest rate against the son. A similar finding was made as to the daughter.

3. The Tax Commission contends that aside from the tax on the small unconditional legacies and the life estate of the widow, the tax must be imposed upon the conditional successions at the highest rate under a temporary order pursuant to provisions of 5343 GC.

4. The will contains appropriate provisions for divesting the estates on certain contingencies. In other words, the estates may be "created, defeated, extended or abridged" as provided in the will and as contemplated by provisions of 5343 GC.

5. The contingencies provided for in the will are directly of the character contemplated by this section of the statute and the estates and interests held on condition must be taxed by a temporary order against the executor as contemplated by that section.

6. The remainder subject to tax is $946,-690.88, to be taxed at the highest rate provided by statute. If it should develop on the happening of the contingencies that the ultimate succession would be taxable at a lower rate, there should be a refunder in accordance with 5343 GC., 112 OS. 233.

Judgment reversed.

(Culbert & Williams, JJ., concur.)

Attorneys—C. C. Crabbe, Attorney General, E. H. Gibbs, Columbus, and W. H. Middleton, Toledo, for Commission; Marshall, Melhorn, Marlar & Martin, Toledo, for Executor.