(No. 18102.

ANNA TALBOT *et al.* Appellants, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed April 17, 1930.*

LOUIS M. GREELEY, CUTTING, MOORE & SIDLEY, WILSON, MCILVAINE, HALE & TEMPLETON, WILLIAM S. MILLER, and MCCULLOCH & MCCULLOCH, for appellants.

OSCAR E. CARLSTROM, Attorney General, HARRY A. ASH, and JOSEPH ROLNICK, (B. L. CATRON, and A. D. RODENBERG, of counsel,) for the People.

Mr. COMMISSIONER PARTLOW reported this opinion:

On March 30, 1925, appellants, Anna Talbot and Laura Talbot, filed their petition in the county court of Cook county for a re-assessment of inheritance taxes in the estate of their sister, Alice Talbot Heywood. The petition was dismissed for want of jurisdiction, and this appeal followed. The principal questions upon this appeal are whether the facts alleged in the petition were sufficient to entitle appellants to a hearing upon the petition, and whether the court properly dismissed the petition for want of jurisdiction.

The petition alleged that Alice Talbot Heywood died testate in Chicago on December 7, 1923; that on February 25, 1924, her will was admitted to probate by the probate court of Cook county and the petitioners duly qualified as executrices under the will; that the county judge of Cook county entered an order on June 6, 1924, fixing the value of the life estates of the petitioners and holding that the transfers to them were exempt from taxation, also fixing the value of the remainder of each of the four named nieces and nephews and assessing a tax of $330.75 against each of the remaindermen; that the total tax assessed was $1323, and the petitioners immediately paid to the county treasurer of Cook county $1256.85, which was the full amount of the tax less the discount of five per cent allowed for payment within six months after the death of the testatrix; that, after the payment of debts and funeral expenses, by the second clause of the will the testatrix gave, devised and bequeathed all the rest, residue and remainder of the estate, real, personal and mixed, of whatsoever kind and nature and wheresoever situated, in equal shares to her sisters, Laura Talbot and Anna Talbot, both of whom survived her, to have and to hold for and during the term of their natural lives, respectively, for their sole use and benefit, with full power to sell, lease, exchange, mortgage and convey the same in fee simple absolute as they, or either

of them, might deem necessary, with full right and power to dispose of and to convey every interest and estate of the testatrix therein, not limiting them, or either of them, to a disposition or conveyance of their respective life estates in said property, but giving to them, or either of them, full right and power to use up and exhaust any part or all of the property and to dispose of it in any way they, or either of them, might deem proper; that the third paragraph of the will provided that upon the death of the survivor of the sisters, if any of the property or estate bequeathed and devised to them should remain undisposed of by the sisters during their respective lives, it should go in equal shares to two nieces and two nephews who were specifically named; that on June 17, 1924, an order was entered by the probate court empowering the petitioners to distribute all of the residue of the estate to themselves, individually, in equal shares, for their sole and exclusive use, in pursuance of the power of disposition conferred upon them by the will, upon their giving a refunding bond, which they executed and filed; that they filed their final account in the probate court and the same was approved on March 11, 1925; that all of the estate was distributed to the petitioners individually, in equal shares, as their own, sole, absolute and exclusive property, in the exercise of the power of distribution contained in the will and pursuant to the order of the probate court; that the estate was settled and the petitioners were discharged as executrices; that by reason of the premises no assets of the estate remain undisposed of subject to distribution under the third clause of the will; that the estates in remainder so taxed against the two nieces and two nephews have been wholly defeated and no inheritance taxes are payable under the will or the transfers therein provided.

Appellants contend that upon the exercise of the power of disposition granted by clause 2 of the will the remainders were destroyed, the entire estate vested in them, and that under section 25 of the Inheritance Tax statute they are

entitled to have a re-assessment of the inheritance taxes and a refund of the difference between the taxes paid and those that would be payable upon the vesting of the entire estate in appellants. Appellee contends, first, that a proceeding for a re-assessment of inheritance taxes is a proceeding before the county judge, that from his decision an appeal is to the county court and not to this court, and that this court has no jurisdiction of this appeal; second, that if this court has jurisdiction of the appeal the judgment of the county court should be affirmed because the taxes were not assessed under section 25 and there is no jurisdiction to re-assess under that section; and third, that the right to hear and determine claims for a refund of inheritance taxes which have been paid is in the court of claims.

Section 11 of the Inheritance Tax statute makes it the duty of the county judge "to ascertain whether any transfer of any property be subject to an inheritance tax under the provisions of this act, and, if it be subject to such inheritance tax, to assess and fix the then cash value of all estates, annuities and life estates or terms of years growing out of said estates and the tax to which the same is liable." If any person or persons, including the Attorney General, be dissatisfied with the appraisement or assessment made by the county judge, an appeal may be taken to the county court. Section 14 provides that the county court in the county of which the deceased was a resident at the time of his death shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of the act. Section 25 provides that when property is transferred and the rights, interests or estates of the transferees are dependent on contingencies or conditions whereby they may be wholly or in part defeated or abridged, a tax shall be imposed upon the transfer at the highest rate which, on the happening of any of said contingencies or conditions, would be possible under the provisions of the article, provided that on the happening of any contingency

whereby the property is transferred to any person taxable at a rate less than the rate imposed and paid, such person shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said persons should pay under the law.

The original appraisement of the estate and the assessment of the inheritance taxes thereon were made by the county judge and no question is raised as to the manner in which they were made. They were made under section 11, and the appeal, if any, from the finding of the county judge was to the county court. No specific provision is made in section 25 for the re-assessment of the taxes in cases coming within the provisions of that section, but under section 14 general jurisdiction to hear and determine all questions in relation to such taxes is vested in the county court. It is clear that the proceedings for a re-assessment of the taxes where contingencies have arisen such as make the original assessment unjust are before the county court. The order appealed from in this case was final, it related to the revenue, and the appeal was properly taken to this court.

The contention of appellee that the original assessment was not made under section 25 and that there can be no re-assessment under the provisions of that section is without merit. The estates in remainder granted by the third clause of the will come clearly within the provisions of section 25, and any tax assessed against such estates in remainder must have been assessed under the provisions of that section.

Appellee insists that this court held in *People* v. *Freese,* 267 Ill. 164, and *People* v. *People's Savings Bank,* 314 id. 529, that a life-estate with power to invade or consume the principal cannot be taxed under section 25 but that it is taxable as a life estate under the provisions of section 2. In the *Freese case* the property of the testatrix consisted of about $42,000 of personalty. She bequeathed all of it to a stranger in the blood for life with power to use as the life tenant saw fit, with remainder to the nearest of kin of the

testatrix living at the death of the life tenant. It was held by this court that the net value of the life estate should be taxed at five per cent; that after deducting the net value of the life estate and one exemption of $2000 the remainder to the next of kin should be taxed at two per cent. The tax in that case was assessed in the same manner as the tax was assessed in this case. In the case last cited the testator directed his trustee to pay from the income of a certain trust fund, and also from the principal of such fund if necessary, $100 per month to a certain devisee for her natural life, together with an amount sufficient to pay for her medical care and nursing in case of sickness, the balance of the fund to become a part of the residuary estate at the devisee's death. It was held that the devisee took a life estate, which should be taxed under section 2 of the statute and not under section 25. Neither of these cases is controlling in this case. In *People* v. *Donohue*, 276 Ill. 88, it was held that there is no conflict between sections 2 and 25; that the former refers to life estates depending on no contingency, and the latter applies to cases in which a life estate depends upon some contingency. It is only by virtue of section 25 that remainders subject to be defeated or diminished by the power conferred on the life tenant are immediately taxable, or taxable at all until the power has been exercised or the time has elapsed within which the power could be exercised. Prior to the adoption of section 25 this court held that remainders, whether vested or contingent, subject to be defeated in whole or in part by power conferred upon the life tenant, could not be taxed until the power had been exercised or the time had elapsed and the extent of the estate had been determined. (*People* v. *Carpenter*, 274 Ill. 103; *People* v. *McCormick*, 208 id. 437.) Under section 25 such estates are immediately taxable. (*People* v. *Gerlaugh*, 302 Ill. 131.) Whatever may be said of the correctness of the order entered by the county judge in the original proceeding in this case, it is clear that

he was acting under section 25, and if appellants are entitled to a re-appraisement, the manner of making it is governed by the provisions of that section.

If the will of the testatrix conferred unlimited power upon appellants to dispose of the entire estate and they exercised that power, the contingent interests of the nieces and nephews have been destroyed. *Bradford* v. *Andrew,* 308 Ill. 458; *Bradley* v. *Jenkins,* 276 id. 161; *Skinner* v. *McDowell,* 169 id. 365; *Mandel* v. *Fidelity Trust Co.* 128 Ky. 239, 107 S. W. 775; *Kleber* v. *Kleber,* 24 Ky. L. 7, 67 S. W. 838; *Coates* v. *Louisville and Nashville Railroad Co.* 92 Ky. 263, 17 S. W. 564; *Wooster* v. *Cooper,* 53 N. J. Eq. 682; *Wiley* v. *Gregory,* 135 Ind. 647, 35 N. E. 507; *Stuart* v. *Davis,* 198 N. Y. 415, 91 N. E. 1107.

The record in this case consists of the petition, the order dismissing it for want of jurisdiction, the prayer for the appeal, and the appeal bond. The will is not in the record. Whether appellants are entitled to the relief sought depends upon the evidence produced upon a hearing. This court cannot determine these questions upon this record, but the petition was sufficient to entitle appellants to a hearing, and the court was in error in dismissing the petition for want of jurisdiction. It is not denied that if a refund is established the enforcement of such refund must be made in a different action and before a different tribunal.

The judgment will be reversed and the cause remanded, with directions to overrule the motion to dismiss the petition and proceed to hear the petition upon its merits.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Reversed and remanded, with directions.*