Hence, it is that the provisions of Rule III, Paragraph 1, of the Rules of the Courts of Appeals, are applicable. This paragraph, so far as pertinent, provides:

"* * * Applications, motions and demurrers shall be accompanied by briefs, and opposite parties shall file answering briefs within ten (10) days thereafter."

In the absence of any evidence to support the motion, we are compelled, therefore, to strike this document from the files for noncompliance with this rule.

*Motion stricken from files.*

Petree, P. J., and Miller, J., concur.

In re Estate of Werner: The Greenville Methodist Church, Appellant, *v.* Bowers, Tax Commr., Appellee.

(No. 755—Decided October 6, 1958.)

*Messrs. Spidel, Staley & Hole,* for appellant.

*Mr. William Saxbe,* attorney general, and *Mr. S. Noel Melvin,* for appellee.

*Per Curiam.* The Greenville Methodist Church appeals, on questions of law, the action of the Probate Court in overruling its application to redetermine the succession tax on its legacy of $10,000 by exempting it from such tax under the provisions of Section 5731.09, Revised Code, as amended August 30, 1957 (127 Ohio Laws, 561), exempting the succession of property passing to or for the use of any established religious organization.

The question presented is whether the tax had already accrued prior to the amendment of the statute so as to be unaffected thereby, or whether it had not yet accrued and had thus become inapplicable to the church's legacy by reason of the exemption.

The church contends that the succession and accrual of the tax did not occur before August 30, 1957, the effective date of the exempting amendment to Section 5731.09, Revised Code, and that succession would not occur until distribution, or an order of distribution. The Tax Commissioner, appellee herein, contends that the tax accrued at the time of death.

The facts are not in dispute and are succinctly stated in the briefs. The decedent, William J. Werner, died testate on May 3, 1957. Item II of his will provides a bequest of $10,000 to The Methodist Church of Greenville, Ohio. The will was admitted to probate, and on June 17, 1957, the Probate Court entered a determination of succession tax. The tax on the bequest to the Methodist Church was fixed at $700, which sum was paid by the church on July 5, 1957. On August 31, 1957, the church applied to the Probate Court for a redetermination of the tax and for an order requiring the Department of Taxation of the state of Ohio to refund the payment made. As of August 31, 1957, the church had not received payment of the bequest. The Probate Court overruled that application, and from its order in so doing the church prosecutes the present appeal.

Chapter 5731 of the Revised Code, entitled "Inheritance Tax," contains provisions for two taxes: the estate or "additional tax" levied by Section 5731.13, with which we are not now concerned; and the tax on successions levied by Section 5731.02, which on the date of death, May 3, 1957, began:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, for the use of a person, institution, or corporation, in the following cases."

Section 5731.01, Revised Code, supplies definitions, and paragraph (B) thereof reads:

"(B) 'Succession' means the passing of property in possession or enjoyment, *present or future*." (Emphasis added.)

It seems clear that the term "present or future" applies to the immediately preceding words "in possession or enjoyment,"

and not to the "passing." Until the passing occurs there is nothing upon which either a property or an excise tax can operate, for there is as yet neither possession nor right. But upon the "passing of property" the tax accrues, irrespective of whether there has been distribution, that is, possession or enjoyment.

That the tax accrues upon death in the usual and ordinary case seems manifest not only from the definition itself, but also from a careful reading of the entire chapter. For example, if such were not the general rule, there could be no necessity of providing for an exception as to time of accrual, where a contingent estate is not vested at the time of death, with consequent difficulties in determining the exact amount due at death. Section 5731.17, Revised Code.

Adjudicated cases likewise support this construction, for it is well established that we are dealing here, not with a property tax, but with an excise tax upon the right or privilege of receiving. 29 Ohio Jurisprudence (2d), 8, Inheritance and Estate Taxes, Section 3; *Wonderly, Gdn.*, v. *Tax Commission*, 112 Ohio St., 233, 147 N. E., 509.

"1. The Ohio inheritance or succession tax is an excise.

"2. Such tax is on the *right* to receive property rather than on the amount or value of property owned by the decedent." *In re Estate of Chadwick*, 167 Ohio St., 373, 149 N. E. (2d), 5.

The nature of this tax as an excise tax upon the right to receive, or to succeed to estates, clearly appears from analysis of the constitutional provisions from which the legislative authority on the subject is derived. General power to impose taxes is an inherent legislative function, and generally speaking, inheritance taxes may be levied unless prohibited by the Constitution. 29 Ohio Jurisprudence (2d), 5, Inheritance and Estate Taxes, Section 2.

But until the adoption of Section 7, Article XII, the different rates and exemptions involved in the legislation imposing taxes upon successions were held to be in violation of the Constitution. 29 Ohio Jurisprudence (2d), 10, Inheritance and Estate Taxes, Section 6. Hence our present statute depends upon and must be harmonized with Section 7, Article XII of the Constitution, which reads:

"Laws may be passed providing for the taxation of the right to receive, or to succeed to, estates, and such taxation may be uniform or it may be so graduated as to tax at a higher rate the right to receive, or to succeed to, estates of larger value than to estates of smaller value. Such tax may also be levied at different rates upon collateral and direct inheritances, and a portion of each estate not exceeding twenty thousand dollars may be exempt from such taxation."

It is reasonable to conclude, therefore, that only an excise tax upon the right being thus authorized by the Constitution and provided by the statute, the tax accrues when the right comes into existence.

The right ordinarily arises upon death, although, as frequently recognized in this chapter of the Revised Code, it may arise before, at, or after death. (See, for example, Sections 5731.02 [C] and 5731.04, Revised Code., etc.)

In a usual and ordinary situation such as we have in this case, the right or privilege arises and the tax thereon accrues at the time of death.

"1. Inheritance taxes become a debt due and payable at the date of succession, which in the ordinary case is the date of the death of the decedent." *In re Estate of Saviers*, 23 Ohio Law Abs., 166.

See, 29 Ohio Jurisprudence (2d), 17, Inheritance and Estate Taxes, Section 15; 29 Ohio Jurisprudence (2d), 70, Inheritance and Estate Taxes, Section 73.

In the case of *Wonderly, Gdn.*, v. *Tax Commission, supra* (112 Ohio St., 233) (where the exception above noted in Section 5731.17, Revised Code, was found inapplicable), the Supreme Court had before it the question of requiring present payment of tax upon the succession to contingent estates, and held:

"Where a will creates an estate in fee, subject to be defeated, and also provides for contingent estates, the succession tax should be assessed by a temporary order providing for a tax to be imposed upon such succession at the highest rate which, on the happening of any such contingency, would be possible, pursuant to the provisions of Section 5343, General Code [Section 5731.28, Revised Code], subject to refunders as provided in such act."

In arriving at this conclusion the court said:

(Page 238) "* * * when it appears that any successions are dependent upon a contingency, the rate that will make the highest return to the state by way of inheritance tax must be the one adopted, and such taxes shall be due and payable forthwith, subject to the refunder provided for in Section 5343, General Code [Section 5731.28, Revised Code] * * *."

(Page 244) "* * * The frank purpose of the inheritance tax law seems to be to secure for the state the highest rate of taxation that any given succession is justly susceptible of in the legislative mind, and to secure the same to the state at the earliest moment, subject to such refunders as the Legislature has seen fit to allow. * * *"

The cases cited in the briefs concerning attachment and garnishment of the interest of a beneficiary of an estate during the process of administration, involve other statutes and other considerations and are not determinative here.

It is our conclusion that in this case the tax accrued upon the death of the decedent, on May 3, 1957, so that the exemption which became effective on August 30, 1957, does not apply.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.