THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM BYRD *et al.* Appellants.

*Opinion filed December 21, 1911—Rehearing denied Feb. 17, 1912.*

1. WILLS—*as to personal property a will is construed according to the laws of the testator's domicile.* As to personal property the will of a non-resident is to be construed according to the laws of the State where he resides.

2. SAME—*rule that the testator's expressed intention should be given effect is in force in New York and Illinois.* The rule that the testator's intention as expressed by him should be given effect, unless to do so would violate some established principle of law or rule of public policy, is in force both in New York and Illinois.

3. SAME—*when a remainder is contingent.* A clause of a will giving the residue of the testator's property to his wife for life, "and upon her death to my children, [naming them,] share and share alike; and if either of said children [naming them] die leaving issue, either before me or before my said wife, then the issue of the child so dying shall take the share which his, her or their parent would have taken if living at her death," creates a contingent remainder in such children.

4. INHERITANCE TAX—*the court should take the highest amount which in any contingency may become liable.* In determining the amount of inheritance tax due under the Inheritance Tax law the court should take the highest amount which in any contingency would become liable to the tax; and if it is possible that upon the happening of the event which will vest a contingent remainder the entire remainder may go to one person, the court should compute the tax upon the entire remainder, less the statutory deduction the one remainder-man would be entitled to.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

ALBERT M. KALES, for appellants:

Under the fourth clause of the will the children named take absolute vested interests, not subject to any contingency that they must survive the life tenant, but subject only to be divested in the one event that they die leaving issue. Gray's Rule Against Perpetuities, (2d ed.) secs. 101, 102, 108; *Ducker* v. *Burnham,* 146 Ill. 9; *Hinrichsen* v. *Hinrichsen,* 172 id. 462; *Pingrey* v. *Rulon,* 246 id. 109; *McConnell* v. *Stewart,* 169 id. 374; *Haward* v. *Peavey,* 128 id. 430.

The fact that the gift to the children is introduced by the words "upon the death," referring to the death of the life tenant, cannot make the gift to the children contingent upon surviving the life tenant. Gray's Rule Against Perpetuities, (2d ed.) 77, note 2; *Cheney* v. *Teese,* 108 Ill. 473; *O'Melia* v. *Mullarky,* 124 id. 506; *Ducker* v. *Burnham,* 146 id. 9; *McConnell* v. *Stewart,* 169 id. 374; *Bowler* v. *Bowler,* 176 id. 541; *Knight* v. *Pottgieser,* 176 id. 368; *Doe* v. *Considine,* 73 U. S. 458; *Mining Co.* v. *Batdorff,* 5 Pa. St. 503; *Doe* v. *Provoost,* 4 Johns. 61; *Livingston* v. *Greene,* 52 N. Y. 118; *Byrnes* v. *Stilwell,* 103 id. 454.

The same rule is admitted in *Bates* v. *Gillett,* 132 Ill. 287. The result there goes upon a special context which is utterly inapplicable in the case at bar.

The construction of this will is governed by the law of the State of New York. 22 Am. & Eng. Ency. of Law, (2d ed.) 1366.

Under the New York law, as appears from the evidence, the construction contended for must be given. *Connelly* v. *O'Brien,* 166 N. Y. 406; *Byrnes* v. *Stilwell,* 103 id. 454; *Livingston* v. *Greene,* 52 id. 118.

W. H. STEAD, Attorney General, and WALTER K. LIN-
COLN, (J. SCOTT MATTHEWS, of counsel,) for the People:

The will should be construed as a whole. The inten-
tion of the testator is plainly apparent that the vesting of
any estate in either a child or grandchild of the testator
should be dependent upon their living at the date of the
death of the testator's wife. *Robinson* v. *Martin,* 200
N. Y. 159; *Bisson* v. *Railroad Co.* 143 id. 125; *Ranhofer*
v. *Realty Co.* 143 App. Div. (N. Y.) 237; *Bates* v. *Gil-
lett,* 132 Ill. 287; *Matter of Wyatt,* 9 Misc. (N. Y.) 285;
*Matter of Ryder,* 11 Paige's Ch. 185.

The gift to children or issue of deceased children was
a gift to a class, and the survivor or survivors of that class
at the date of death of the testator's wife will alone be en-
titled to share in the distribution of the estate. *Roosevelt*
v. *Porter,* 73 N. Y. Supp. 800; *Hoppock* v. *Ticker,* 59
N. Y. 202; *Page* v. *Gilbert,* 32 Hun, 301; *Pardue* v. *Giv-
ens,* 54 N. C. 306; *Chase* v. *Peckham,* 17 R. I. 385; *In re
Warren's Appeal,* 39 Conn. 253; *Swallow* v. *Swallow,* 166
Mass. 241; *Talcott* v. *Talcott,* 39 Conn. 186.

This case comes within the clear meaning of section 25
of the Inheritance Tax act of Illinois, and a tax should be
levied at the highest possible rate. *Matter of Vanderbilt,*
172 N. Y. 69; *Matter of Brez,* 172 id. 609.

Mr. JUSTICE VICKERS delivered the opinion of the court:

George H. Byrd, a resident of New York, died testate
leaving $74,071.54 of personal property subject to the In-
heritance Tax law of this State. The present appeal is
prosecuted by the executors of the last will of the testator
from an order of the county court finding that $15,590.68
of said estate was liable to an inheritance tax of $155.91.
The State, by the Attorney General, has assigned cross-
errors which raise the question whether the court did not
err in refusing to hold that the amount of the inheritance

tax should be $355.91 instead of the amount fixed by the court.

The questions at issue arise out of the following facts: The fourth clause of the testator's will is as follows:

"*Fourth*—If my wife, Lucy Carter Byrd, survives me, I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal and wheresoever situated, unto her during her life, and upon her death to my children, Anne Harrison Byrd, Lucy Carter Byrd, William Byrd and Francis Otway Byrd, share and share alike; and if either of my said children, Anne, Lucy, William or Francis, die leaving issue, either before me or before my said wife, then the issue of the child so dying shall take the share which his, her or their parent would have taken if living at her death."

It is admitted that the sum of $74,071.54 of the testator's personal estate was disposed of under the foregoing clause of his will. The widow's life estate was appraised at $18,480.86, which, under the statute, was exempt from any inheritance tax. Deducting the value of the widow's life estate from the total leaves $55,590.68, which passes as a remainder under the fourth clause of the will above quoted. Appellants contend that the residue passed as a vested remainder to the four children named by the testator, share and share alike, and that since each share, when thus divided, is less than $20,000, there is nothing left subject to an inheritance tax. Appellee contends that it was the intention of the testator to keep his estate intact until the death of his widow, and that at that time it should vest in such of the children named as might survive the widow, and the issue, if any, of such of the children named as might die before the widow. In other words, the People contend that the remainder was devised to the children who might survive the widow as one class and to the issue of such as might predecease her as another class, and that such

remainder was therefore contingent. If appellants' contention be sustained, it follows that the court erred in holding that any part of said estate was subject to an inheritance tax. If appellee's contention be sustained, then it is conceded that some amount of inheritance tax is due.

The principal controversy between the parties relates to the construction to be given to the fourth clause of the testator's will. The testator being a resident of the State of New York, his will, so far as it affects personal property, is to be construed by the law of New York. Upon this question both parties agree. The only rule of law relating to construction of wills that it will be necessary to refer to is that general and well established rule that in construing a will the intention of the testator as expressed by him should be given effect, unless to do so would violate some established principle of law or rule of public policy. This rule is the same in New York as it is in Illinois. (*Weeks v. Cornwell*, 104 N. Y. 325; *Robinson v. Martin*, 200 id. 159.) In the case last above cited the Supreme Court of New York said: "Precedents and rules frequently have but slight value in interpreting wills, for those instruments are rarely, and in the nature of things are not likely to be, similar in terms. When the testator's intention is obscure, resort to them may be helpful in ascertaining it. Where, upon inspection of the will and upon a consideration of relevant facts and circumstances, an intent is apparent, all rules to the contrary must yield, provided that intent does not offend against public policy or some positive rule of law. It may well be said that some of the rules of construction require a greater force of intention to control them, but if it be found in the instrument it should be allowed."

Appellants rely on the cases of *Byrnes v. Stilwell*, 103 N. Y. 454, and *Livingston v. Greene*, 52 id. 118, as laying down the rule that should govern in the case at bar. In those cases the language of the wills under consideration,

when taken in connection with the context, leads to the conclusions reached in these particular cases, but nothing is there said which indicates that the general rule that the intention of the testator is to control is not the polar star in construing wills in that State, as it is here.

Guided by this general rule we think that the intention of the testator is so clearly expressed in the fourth clause of his will that it is possible to understand it without resorting to technical rules of construction. The first sentence in clause 4 clearly gives the testator's wife a life estate in all of the remainder of the estate, both real and personal, wherever situated. After devising the life estate to his wife the testator proceeds as follows: *"and upon her death* to my children, [naming them,] share and share alike." If the clause had ended here there would be much force in appellants' contention that the remainder was vested, and that the words "upon her death" merely refer to the time when the devisees named were to come into the enjoyment of the estate; but we think that the intention to postpone the vesting as well as the enjoyment of the estate is clearly made to appear by what follows in said clause. The clause in question contains the following additional language: "and if either of my said children, Anne, Lucy, William or Francis, die leaving issue, either before me or before my said wife, then the issue of the child so dying shall take the share which his, her or their parent would have taken *if living at her death."* The words "if living at her death" clearly indicate that a child must be living at her death,—that is, the death of the widow,—in order to take under the will. If, as appellants contend, the estate vested in the children at the death of the testator, manifestly they would not take at the death of the widow. If the testator intended that each of his children should take a vested interest at the time of his death and wanted to provide for the children of any that might die before the estate vested, he would naturally and reasonably have used the words "which his, her or their

parent would have taken if living at *my* death," but he uses the words "if living at *her* death," referring to the death of his wife. This conclusion seems more reasonable when the fifth clause of the will is read. The fifth clause is as follows:

"*Fifth*—If my said wife does not survive me, I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal and wheresoever situated, to my children, Anne Harrison Byrd, Lucy Carter Byrd, William Byrd and Francis Otway Byrd, share and share alike. If either of my said children, Anne, Lucy, William or Francis, should die before me leaving issue, then the issue of the child so dying shall take the share which his, her or their parent would have taken if living at my death."

Had the widow not survived the testator the property in question would have passed, upon the testator's death, under the fifth clause. There the intention to vest the property at the time of the testator's death in the event the wife did no survive him is made very clear. Reading these two clauses together, we are forced to the conclusion that the testator used the words in the fourth clause, "if living at *her* death," advisedly, and that he thereby clearly intended that the estate should not vest in the remainder-men until the death of his widow. In our opinion the remainder to the children was contingent.

The court did not err in holding that there was a liability here under the Inheritance Tax act but it did err in fixing the amount of said tax. In determining the amount of inheritance tax under the Inheritance Tax law the court should take the highest amount that in any contingency would become liable to the tax. A possible contingency here is that three of the four devisees named may die before the widow, leaving no issue. In that contingency the one survivor would receive all of the estate, for the reason such one would be the only representative of the class living at the time the estate vests. The court below did not

adopt this rule, but supposed the possible contingency that two of the children named should die without issue before the widow, leaving two survivors of the class to take the estate. The court then divided the devise equally between the two supposed survivors and deducted $20,000 from each share to arrive at the amount of tax due. Under the rule requiring the court to adopt the highest amount that in any contingency can pass, the amount here was subject to only one deduction of $20,000. No case involving the construction of the Inheritance Tax law in this regard has heretofore come before this court, but our statute in this respect is identical with the statute of New York. Section 25 of the New York statute has been construed by the Court of Appeals of New York in accordance with the views herein expressed. *In the matter of Vanderbilt,* 172 N. Y. 69; *In the matter of Brez,* 172 id. 609.

The judgment of the county court of Cook county is reversed on the cross-errors and the cause remanded to that court, with directions to enter judgment for $355.91, which is the correct amount of inheritance tax due.

*Reversed and remanded, with directions.*