THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MASON B. STARRING *et al.* Exrs., Appellants.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. INHERITANCE TAX—*when section 25 of Inheritance Tax act
applies.* Where a testatrix leaves her estate to her executors in
trust for a period of twenty years, with directions to pay the in-
come to her brother and her sisters for that period, with provisions
in case one or more shall die, and a provision that if all shall die
before the termination of the trust period then all the income they
would have received shall be paid to a certain nephew of the testa-
trix, section 25 of the Inheritance Tax act applies, and the nephew
is chargeable with a tax upon the assumption that the death of all
three of the prior beneficiaries will occur immediately.

2. SAME—*section 25 of Inheritance Tax act is not unconstitu-
tional.* Section 25 of the Inheritance Tax act, which provides that
when property is transferred or limited, in trust or otherwise, and
the rights, interests or estates of the transferees or beneficiaries
are dependent upon contingencies or conditions whereby they may
be wholly or in part created, defeated, extended or abridged, a tax
shall be imposed upon said transfer at the highest rate which on
the happening of any of the contingencies or conditions would be
possible under the provisions of the act, is not unconstitutional.

APPEAL from the County Court of Cook county; the
Hon. JOHN H. WILLIAMS, Judge, presiding.

JOHN S. LORD, for appellants.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG,
for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Cook county assessing an inheritance tax in the estate
of Nannie G. Minzesheimer. The estate was appraised at
$99,699.40. Mrs. Minzesheimer was a widow and left sur-
viving her no descendants. By her last will and testa-
ment she devised the residue of her estate, appraised at
$93,584.20, to Mason B. Starring and William Reiss to
hold in trust for a period of twenty years from her decease

274 — 19

for the following purposes: To pay one-third of the net income derived therefrom, in quarterly installments, to her sister May Goodman; two-ninths to her sister Lottie Newlander; two-ninths to her brother, David Goodman; and the remaining two-ninths to her nephews, Arthur D. Marks, Sampson T. Marks and Lester Goodman in equal portions. The will then provided that in case May Goodman should die before the termination of the trust, then the share of the income that would have been paid to her had she lived should be paid to her sister Lottie Newlander and her nephew Edwin Newlander in equal portions, and if either should die before the termination of the trust then the whole should be paid to the survivor. In case her brother, David, should die before the termination of the trust then his share of the income should be paid to May Goodman, and in case she should die then David's share should be paid to Lottie Newlander and Edwin Newlander, or the survivor of them, in equal portions. In case Lottie Newlander should die before the termination of the trust it was provided that her share of the income should be paid to Edwin Newlander and May Goodman, or the survivor of them. The will then provided that upon the termination of the twenty-year period the trustees should divide the estate into four equal parts, and distribute to May Goodman, Lottie Newlander and David Goodman each one part, and to Arthur Marks, Sampson T. Marks and Lester Goodman one part, to be divided equally among them. It will thus be seen that seven-ninths of the income from the trust estate was made payable to her brother and two sisters for a period of twenty years, with the provision that should her said brother and sisters all die before the termination of the twenty years, seven-ninths of the income from the trust estate should be paid to Edwin Newlander for the remainder of the trust period.

The only question to be determined is whether section 25 of the Inheritance Tax act should be applied in

determining the amount of inheritance tax which should be assessed. Section 25 provides that when property is transferred or limited in trust or otherwise, and the rights, interests or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which on the happening of any of the contingencies or conditions would be possible under the provisions of the act, and such tax so imposed shall be due and payable by the executors or trustees out of the property transferred. It also provides that upon the happening of any contingency whereby the property, or any part thereof, is transferred to any person taxable at a rate less than the rate imposed and paid, such person shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax laws, with interest thereon at the rate of three per cent per annum from the time of payment. The county court applied section 25, and charged Edwin Newlander, a nephew of the testatrix, with seven-ninths of the income from the trust estate for the period of fifteen years, assuming that May Goodman, David Goodman and Lottie Newlander would die within five years after the death of the testatrix. By this method Edwin Newlander was charged with $29,535.89 and the total tax assessed was $2134.95. Appellants contend that this assessment is erroneous, and insist that under the will the testatrix gave her brother and her two sisters seven-ninths of the trust income for a period of twenty years, or, if they did not live that long, for the period of their natural lives, and that the interest of Edwin Newlander should have been determined by fixing the value of the several life estates according to the mortality tables.

By the provisions of this will the brother and sisters of the testatrix are not given a life estate in a portion of the income of the trust estate. The trust period is fixed at twenty years, and these beneficiaries are each of them given a definite portion of the income from the trust estate during the whole of that period. It is then provided that in the event of the death of any or all of these three beneficiaries before the termination of the trust, the portion of the income devised to the one or ones so dying shall be disposed of in the particular manner specified. In the event of the death of all three of the beneficiaries before the termination of the trust, then, under the provisions of the will, Edwin Newlander would receive seven-ninths of the income from the trust estate. This is such a contingency as is contemplated by section 25. (*People* v. *Byrd,* 253 Ill. 223; *People* v. *Freese,* 267 id. 164.) The estate of Edwin Newlander is dependent upon contingencies whereby it may be wholly created and comes clearly within the provisions of that section. The county court did not err in imposing the tax at the highest rate which, on the happening of the contingencies provided for by the will, would be possible under the provisions of the Inheritance Tax act. A nephew is entitled to less exemptions and is taxed at a higher rate than a brother or sister. Under the provisions of this will the brother and sisters of the testatrix did not receive an amount equal to their exemptions and therefore their estates were liable to no tax. To impose the highest rate possible it was necessary to assume that the contingencies mentioned, namely, the deaths of the brother and sisters of the testatrix, would happen, and that Edwin Newlander, a nephew, would receive seven-ninths of the income from the trust for the remainder of the twenty years.

It is urged that any construction of section 25 which gives the county court power to limit or arbitrarily fix the use of the beneficiaries of the trust income to five years, or any other arbitrary term, is unconstitutional. The basis of

this contention is, that if this is permitted every person and corporation will not be required to pay a tax in proportion to its, his or her property under a law which shall be uniform as to the class upon which it operates. By fixing the time within which it is assumed the brothers and sisters of the testatrix would die at five years the court acted more favorably towards appellants than they had a right to expect or demand. By following the true intent and purpose of said section 25 in fixing the tax in this case the court should have assumed that the death of the brother and two sisters of the testatrix would occur immediately. By assuming that their deaths would not occur until five years after the death of the testatrix and in charging them with seven-ninths of the income from the trust estate for that period appellants were given a benefit to which they were not entitled and they cannot complain of this action of the court. Section 25 of the Inheritance Tax act is not unconstitutional upon the grounds claimed, (*Kochersperger* v. *Drake,* 167 Ill. 122,) and the action of the court in construing it more liberally than it should, so far as the rights of appellants are concerned, does not have any effect upon the validity of the act itself. If the contingencies which it is assumed will happen do not, in fact, happen, then, under the provisions of the act, the excess tax collected will be re-paid to the parties entitled to receive the same, with three per cent interest thereon. The State has but one opportunity to assess the inheritance tax. It is only by assessing the highest rate possible under any contingency which may happen, with the provision that the excess will be re-paid in event the contingency does not happen, that the State is assured of securing all the tax to which it is entitled. If this tax should be assessed upon the appellants' theory, and then, long before the termination of the trust, the contingencies provided for in the will should happen and seven-ninths of the income from the trust estate should be paid to Edwin Newlander for the remainder of the trust period,

he would escape taxation upon this succession to the estate of the testatrix.

No complaint is made on behalf of the People to the action of the court in assuming that the contingency would not happen immediately but would happen within the period of five years.

The judgment of the county court is affirmed.

*Judgment affirmed.*