Richards, J.
This action was brought by the plaintiffs as executors of t’he last will and testament of Orrin Stearns, to obtain a construction thereof by the court. The will was executed on October 17, 1888, and, after making, certain specific bequests and 'devises, gives and devises to his wife, Sarah Ann Stearns, all the remainder of his property, real and personal, for and during her natural life.
The will then contains the clause which is in controversy and which reads as follows:
“It is my request that the balance of my estate be equally divided between my living heirs and the living heirs of my wife, Sarah Ann Stearns, share and share alike.”
In view of the fact that the wife was given a life estate in all the property remaining after the specific provisions were satisfied, the time of distribution would naturally be of the date of the wife’s death; and the living beneficiaries referred to in the clause above quoted would be those who were living at that date. At the time of the execution of his will, and at the time of the death of his wife, Sarah Ann Stearns, the heirs of the testator were two brothers and one sister, who are named' in the will and are parties to this action, and at the date of the wife’s death her heirs were four brothers, two sisters, and two nephews, the sons of a deceased sister.
Counsel for the heirs of the testator claim that those heirs are entitled, under the provisions of the will quoted, to one-half of the estate remaining, while counsel for the heirs of the widow contend that both sets of heirs are grouped as one and that *302 each heir is entitled to an equal part of the estate, no matter whether such heir be an heir of the testator or an heir of his widow. The common pleas court held with the contention made on behalf of the heirs of .the testator and awarded to said heirs •one-half of the estate, construing the will to be such that the remaining one-half would pass to the heirs of the widow. In the course of his opinion, which has been submitted to us, the trial judge uses the following language, which we think clearly states the proper construction to be placed upon the will:
“Two classes are created by the provision, ‘my heirs and the heirs of my wife Sarah.’ And the phrase ‘equally divided between’ means an equal division between the two classes. And the phrase ‘share and share alike’ qualifies the provision for each set. • This'construction gives each word its generally accepted meaning, eliminates none as surplusage and makes the provision a 'consistent whole.”
A fair construction of the clause in question in the will leads to the conclusion that the testator was intending to divide the property so that his heirs should receive as much as the heirs of his wife. It was his property that was being disposed of, and we could hardly conclude that he intended by the language used to -give to each -one of his wife’s nephews a share of his property equal to that of his own brothers and sister; neither could we assent to substituting the word “among” for the word “between,” when the testator has evidently used the word “between” accurately and- *303 expressed his intention and indicated that his heirs and his wife’s heirs constituted two'classes.
In Bassett v. Granger, 100 Mass., 348, the bequest reads:
“I give and bequeath all my personal property of every name and nature, after paying the foregoing legacies, to the heirs of my late husband and to my heirs equally.”
This language was construed by the supreme judicial court of Massachusetts to be a bequest in equal shares to two classes.
A similar conclusion was reached in Records v. Fields, 155 Mo., 314, where the provision was that the property should be “equally divided between the heirs of William Fields and James Fields, deceased.”
See also Young’s Appeals, 83 Pa. St., 59. In the 'course of the opinion in that case the court uses the following language:
“He and his wife were childless. There was no issue of either to whom the property could be transmitted. It may have been the joint product of their industry and economy. This or some other moving cause prompted him to direct that the prop-r erty be ‘equally divided’ between families of different blood. The language clearly points to one general division, one separation of the fund. Two classes were in his mind. One class was his relations, the other class was his wife’s relations. The property was to be equally divided ‘between’- these two classes, and ea'ch class to take one half. His relations one half, his wife’s relations the other half. Neither the language nor the spirit of the *304 will indicates that each relation should have an equal share.”
The conclusion indicated is not in conflict with t'he decision of this court in Holmes, Exr., v. Fackleman, 2 Ohio App., 258.
In that case the testator devised the remainder of his 'property to the children of his two sisters, Margaret Fackleman and Marion Fackleman, to be «equally divided -between them, share and share alike. At the .time of the execution of his will both of his sisters were deceased, one having nine children living and the other four. The language of the *will did not -create two classes as in the case at bar, and, in view of the fact that both his sisters were deceased and all of their children were of the same relationship to the testator, a fair interpretation of the will was that the remainder of the estate should be divided into thirteen equal parts, one part going to each of the thirteen grandchildren.
In the case at bar the heirs of the widow at her death were four brothers, two sisters, and two nephews, sons of a deceased sister, making eight in all. The distribution is to be made as of the date of the death of Sarah Ann Stearns, widow of the testator, who had a- life estate, and each of her heirs then living would be entitled to one undivided eighth of the half of the estate which passed by the terms of the will to her heirs. This branch of the case falls directly within the holding of Mooney, Gdn., v. Purpus, Exr., et al., 70 Ohio St., 57, and the distribution to the heirs of the widow must, therefore, be per capita and not per stirpes.
*305 ■The fact that Jane Werner, one of her sisters, died subsequent to the widow’s death, leaving children, would not alter the method of construing •the will, for the estate vested at' the death of the widow and Jane Werner took at the date of the death of her sister one-sixteenth of the estate..
It follows from what has been said that each of the three heirs of the testator is entitled to one undivided sixth part of the estate, and each of the eight heirs of the testator’s widow is entitled to one-sixteenth part of the estate. All of the assets of the estate have been collected and converted into money, and the executors have paid all the debts of the estate, and there now remains in their hands as executors the sum of $16,252.59. A decree may be entered ordering the distribution of that amount in accordance with this opinion.

Judgment accordingly.

Chittenden and Kinkade, JJ., concur.