AMERICAN BUILDERS CORPORATION

*v.*

THOMAS E. GALLIGAN et al.

[Decided June 1st, 1921.]

An item leaving the testator's residuary estate to his brothers and sisters for their lives as joint tenants, and after the decease of the last survivor of his brothers and sisters and mother giving "what remains to such persons as would by law inherit the same," *held* to give the remainder not to the testator's heirs at the time of his death, but to those who would have been his heirs-at-law had he died at the time of the death of the last surviving life tenant.

On final hearing on agreed state of facts.

*Messrs. Edwin B. & Philip Goodell,* for the complainant.

*Mr. Walter G. Brandley,* for the defendants.

BACKES, V. C.

This bill is to compel the defendants to pay for a building lot in accordance with their contract of purchase, they having refused. They set up that the title is not marketable. The lot is a subdivision of a farm in the borough of West Caldwell, Essex county, of which Owen M. Beach died seized in 1888, and which he devised by an item in his will that reads as follows:

"*Item.* I give and devise unto my brothers E. W. Beach, Cyrus C. Beach, Joseph E. Beach and 'my loving sisters Jennie E. Beach and Ella F. Beach all my remaining real and personal estate wheresoever and whatever the same may be during their natural lives as joint tenants not tenants in common with the privilege of dividing the farm at any time they all can agree into separate plots, but as each one decease that share to lapse and become a part of the estate and divide among the survivors (and each one receive a proper burial) and after the decease of the last survivor of my brothers and sister & mother I give what remains to such persons as would by law inherit the same to them and their heirs and

assigns forever to be divided in a peaceable manner and all those heirs who resort to law for division be excluded and have no part or share in my estate."

The brothers and sisters, and the children of a deceased brother, survived the testator, and, being advised that they were "such persons as would by law inherit the same" and therefore the devisees in remainder, they (except Joseph E.) conveyed to Joseph E. Beach, who conveyed to the complainant.

The point is, Whom did the testator mean by "to such persons as would by law inherit the same," his heirs-at-law at his death or those living at the death of the last life tenant? There is little difficulty, it seems to me, in seeing his hopes and aims. I have no doubt he intended that his mother and brothers and sisters were to enjoy the farm, jointly, for life, and when the last of them had passed away it was to go to his then heirs-at-law; that is to say, those who would have been his heirs-at-law had he died at the time of the death of the last surviving tenant. That is the natural deduction. He could not have reasonably meant that those for whom he had expressly provided for life were to be the remaindermen as well. If he had meant that he would have given them the estate outright in the first instance.

A devise over after an estate for life "to such persons as would by law inherit," imports heirs living at the death of the life tenant. In *Briden* v. *Hewlett, 2 Myl. & K. 90,* the gift was to trustees to pay the interest to the testator's mother for life, with power in her to appoint by will, and in case she died without appointing, "then to such person or persons as would be entitled to the same by virtue of the statute of distributions." The master of the rolls, Sir John Leach, was of the opinion that the word "would" imported that the testator intended his next of kin at his mother's death and not at his own death. In *Butler* v. *Bushnell, 3 Myl. & K. 232,* the gift was to the testator's daughter for life and after her death to her children, and in case she died without children, then over to those who should happen to be the testator's next of kin. In construing the will the master of rolls said: "Where a testator gives property to a person for life with remainder to his children, and if he should die without children, then over to his next of kin, it is not a probable intention that

he should mean to include, as one of his next of kin, the person upon whose death without issue he has expressly directed that the property should go over. In looking to the cases, it appears to me that the court always considers whether the words of limitation are words of present intention, so that they are intended to take effect as soon as the testator's next of kin, living at his death, are ascertained; or whether they import a future period, and are referable to the event upon which the gift over is to take effect. The words 'such persons as shall happen to be my next of kin,' or 'such persons as shall or should be my next of kin,' indicate an intention to confine the gift to such persons as shall answer the description of testator's next of kin at the death of the tenant for life." Vice-Chancellor Shadwell, in *Urquhart* v. *Urquhart, 13 Sim.* (at *p. 627*), observed that "the cases of *Briden* v. *Hewlett* and *Butler* v. *Bushnell* [also] were, as I think, rightly decided, because the futurity or contingency of character in the persons designated by the general words was sufficiently pointed out by the expression 'would be' in the one case and 'should happen to be' in the other."

In *Tuttle* v. *Woolworth, 62 N. J. Eq. 532,* relied upon by the complainant to carry its case, the gift was to the testator's daughter Hattie for life, and if she died without issue surviving it was to revert to his estate and be distributed among his *heirs-at-law*—next of kin. The testator left a son and two daughters, one of them being Hattie. Hattie died without issue. She was counted as an heir-at-law within the meaning of the will, and her representatives participated *pro tanto* in the distribution of the gift, because, as Vice-Chancellor Emery explains, the words "heirs-at-law" or "next of kin" are technical legal words and imply a reference to the time of the testator's death, and that their legal and fixed meaning controls unless the will indicates that some other time is meant. That decision is obviously inapplicable to the present circumstances, as here, the testator, although a lawyer, did not use words of a purely technical signification.

My conclusion is that the complainant has not a merchantable title and that its bill must be dismissed.