TAX COMMISSION OF OHIO v. THE COMMERCE GUARD-
IAN TRUST & SAVINGS BANK, EXR.

*Inheritance tax—Imposed upon conditional successions at high-
est rate, under temporary order, when—Section 5343,
General Code—Devises in trust for widow and children,
divesting upon contingencies—Testator contemplated dis-
tribution upon happening of specified events, when—
Absolute right to shares, and not life estate, vested in
children—Remainders pass to class determinable upon
happening of contingencies—Rule vesting property at
testator's death inapplicable, when—Determination of
beneficiaries where remainder follows statute of descent—
Relief from hardships of inheritance tax law with legis-
lature, not courts.*

1. Under will creating trust for children and widow, provid-
   ing for payment of parts of estate at intervals and giving
   property to persons inheriting under laws of Ohio in
   event of death of children without issue before termina-
   tion of trust, estates created came within Sections 5331
   and 5343, General Code, as estates dependent on con-
   tingency which could be created, defeated, etc., on any
   succession, and successions were taxable under temporary
   order at highest rate possible on happening of any con-
   tingency, subject to refund if ultimate succession would
   be taxable at lower rate.
2. Under will creating trust for children and widow, principal
   to be payable at intervals, and giving property to persons
   taking under laws of Ohio in case of children's death
   before termination of trust, time of distribution of estate
   contemplated by testator was not at testator's death, but
   when events specified should happen.
3. Under will creating trust for children and widow, principal
   of which was payable at intervals, and providing the
   property should pass to other lawful heirs if children died
   without issue before termination of trust, children did
   not take life estate, but were vested with absolute right
   to share of estate on death of testator, subject to be
   divested on happening of contingencies provided for by
   Section 5343, General Code.

4. Under will creating trust for widow and children, payable to persons that would inherit from testator if children died before termination of trust, testator intended to pass estate to such persons as would be entitled to inherit, on happening of contingencies mentioned, as a class determinable only when events occurred.

5. Rule that property ordinarily vests at death of testator is not applicable, where it would conflict with manifest intent of testator as expressed in will.

6. Under will passing property to persons inheriting under laws of Ohio, if children died before widow and before termination of trust, testator's sister would be entitled to estate if she survived beneficiaries named in will, and if sister predeceased beneficiaries estate would pass to more remote heirs.

7. Relief from inheritance tax resulting in hardship on children of testator in tying up large sums for considerable period of time is with Legislature and not with courts.

(Decided December 27, 1926.)

ERROR: Court of Appeals for Lucas county.

*Mr. C. C. Crabbe,* attorney general, *Mr. V. H. Gibbs,* and *Mr. W. H. Middleton, Jr.,* for plaintiff in error.

*Messrs. Marshall, Melhorn, Marlar & Martin,* for defendant in error.

RICHARDS, J.  This case involves the amount of inheritance taxes to be fixed and determined on the estate of Elmer Henry Close, who died testate on August 7, 1924.  The net estate subject to inheritance tax is $1,165,343.24.  The probate court fixed and determined the amount of inheritance taxes to be assessed, and the judgment of that court was affirmed by the court of common pleas.

The Tax Commission of Ohio, not being satisfied therewith, prosecutes error to this court.

The testator left a widow, Nell K. Close, a daughter, Suzanne G. Close, aged 18 years, and a son, Joseph K. Close, aged 16 years. He also left surviving him his father, sister, two nephews and a niece.

The will names the Commerce Guardian Trust & Savings Bank as executor, and after making disposition of the furniture, pictures, etc., to the wife, and jewelry to the son, devises and bequeaths all the residue of his estate, real and personal, to said bank as trustee, to be held and managed in accordance with the provisions and trusts mentioned in the will.

Item 6 of the will directs the trustee, as soon as the property comes into its hands, to cause the same to be appraised and to divide it into three equal parts. Item 7 provides that one of said parts is to be set aside for the benefit of the testator's wife, one for the benefit of his daughter, and one for the benefit of his son. By item 8 of the will the trustee is directed to pay to the wife monthly, quarterly, or semiannually the entire net income from the part so set aside to her. By item 9 it is provided that upon the death of Mrs. Close the property passing to her should be divided into two equal parts for the benefit of the children, not, however, to be delivered to them until the son should reach the age of 40 years, but to constitute a part of the trust fund until such age is reached. Item 10 of the will provides in substance that the trustee should pay to the son quarterly the net income from the part of the estate set aside for him, until he should arrive at the age of 40 years, except

that when he arrives at the age of 25 years the trustee shall pay him 10 per cent. of the principal, when he arrives at the age of 30 years, 20 per cent., and when he arrives at the age of 35 years, 30 per cent. This item of the will further provides that when the son arrives at the age of 40 years the trust shall cease and determine and the trustee shall thereupon pay and deliver over to the son all the property then constituting the subject-matter of the trust for his benefit, to be his thereafter absolutely. Similar provisions are made for the benefit of the daughter, except that the disbursements of principal to her are to be governed by the age of the son. The will further provides that in the event of the death of either of the children without issue before the termination of the trust, the part remaining in the trust fund for the benefit of such child shall pass to the survivor, and that if either of the children should die before the termination of the trust, leaving issue, the share of such deceased child should be held in trust for the benefit of his or her children until the youngest arrives at the age of 21 years, and then be paid to them.

Most of the controversy in this case arises over the construction of item 14 of the will, which reads as follows:

"In the event that both of my children die without issue before the death of my wife and before the termination of the trusts created for the benefit of said children or of the survivor of them, then the property theretofore retained in trust for the benefit of said children or the survivor of them shall be paid and delivered over to such persons as would inherit the same from me under the laws

of Ohio relating to the descent and distribution of property of intestates; and if my wife survive both of my children and my children shall have both predeceased my wife, leaving no issue, them or either of them surviving, then upon the death of my wife the property theretofore retained in trust for her benefit shall likewise be paid and delivered over to such persons as would inherit the same from me under the laws of Ohio relating to the descent and distribution of property of intestates.''

No controversy exists with relation to the tax properly chargeable against the bequest to the widow and son of furniture, jewelry, etc., nor is there controversy as to the tax chargeable against the life estate of the widow given in one-third of the fund.

The probate court fixed the value of the remainder in two-thirds of the estate conditionally passing to the widow at $176,995.38, and fixed the tax thereon against her at the lowest rate. The judgment in the probate court also found the value of the income for life in one-third of the estate, going to the son conditionally, to be $295,729.31, and assessed the tax thereon at the lowest rate against the son. A similar finding was made as to the daughter. The court also found the value of the remaining one-third after the life estate cf the widow and the estates of the son and daughter, which would or might pass to the testator's sister. and fixed the tax thereon.

The contention of the plaintiff in error is that, aside from the tax on the small unconditional legacies and the life estate of the widow, the tax must be imposed upon the conditional successions at the highest rate, under a temporary order, pursuant

to the provisions of Section 5343, General Code, the material parts of which read:

"When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of any such contingencies or conditions, would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the probate court shall enter a temporary order determining the amount of such taxes in accordance with this section    *    *    *."

The statute above quoted uses the word "successions," and that word is defined in Section 5331, General Code, as meaning the passing of property in possession or enjoyment, present or future.

The will of the testator disposes of the property to the trustee in trust and directs its division into three equal parts for the benefit of the widow and children. The will then contains appropriate provisions for divesting the estates on certain contingencies. In other words, the estates given may be "created, defeated, extended or abridged" as provided in the will and as contemplated by the provisions of Section 5343, General Code.

A careful examination of the statute leads to the conclusion that the contingencies provided for in the will are precisely of the character contemplated by this section of the statute, and therefore that the estates and interests held on condition must be taxed by a temporary order against the executor, as contemplated by that section.

Item 14 of the will provides for certain contingencies which may happen and would require that the property should pass to such persons as would inherit the same under the laws relating to the distribution of property of intestates, and it can easily be seen that these contingencies may occur.

The time of distribution contemplated by the testator was clearly not at the death of the testator, but when such events happen. 2 Page on Wills (2d Ed.), Section 941; *Stearns* v. *Brandeberry,* 9 Ohio App., 300.

In event the sister, nephews, and niece should predecease the beneficiaries named in the will, and the son and daughter should die without issue, then it is apparent that the estate would pass to those more remote than the sister, nephews, and niece, in which event the tax collectible would be at the highest rate provided by statute.

*Wonderly, Gdn.,* v. *Tax Comm.,* 112 Ohio St., 233. 147 N. E., 509, is a case in many respects strikingly similar to the one at bar, and the principle there announced, relating to taxation by temporary order, is controlling in this case. While it does not appear in the opinion in that case just what was done with reference to taxing the estate given to the son, Wilbur E. Kingseed, yet we have before us the printed record in the case, from which it appears that the only tax assessed against the beneficiaries was upon the absolute and unconditional bequests to the sisters and brother, and that all the remainder of the estate, which was subject to the contingency of Wilbur E. Kingseed dying before arriving at the age of 25 years, without leaving issue, was taxed, under Section 5343, General Code,

by way of temporary order against the executor. That rule should be followed in the case at bar.

The remainder subject to tax by temporary order is $946,690.88, to be taxed at the highest rate provided by statute. Of course, if it should develop on the happening of the contingencies that the ultimate succession would be taxable at a lower rate, there should be a refunder pursuant to the provisions of the statute.

The judgments of the lower courts will be reversed and the tax fixed and determined in accordance with the principles herein announced.

*Judgments reversed.*

CULBERT and WILLIAMS, JJ., concur.

On Application for Rehearing.

RICHARDS, J. Briefs have been filed on this application, and based thereon the court has given a re-examination to the questions involved.

The proper solution depends upon the construction to be placed upon the will of E. H. Close, deceased, and the application of the inheritance tax laws to the estate. The material parts of the will are quoted in the original opinion.

It is urged by counsel for the executor that by the terms of the will the children of the testator receive a life estate. We cannot assent to that contention. The title to the property passes to the trustee in trust for the beneficiaries, and the son and daughter each receive the income of one-third of the estate until the son arrives at the age of 25 years, when a portion of the principal is to be paid

over. An additional portion is to be paid over when he arrives at 30 years of age, another portion when he arrives at the age of 35, and the balance when he reaches the age of 40 years. If the son survive the age of 40 years, then the trust is to terminate and the children are to receive, absolutely, the remaining portions going to them. It is urged that although this is or may be something more than a life estate, yet it may be treated, for the purposes of fixing the tax, as a life estate. If this argument is tenable, then it could with equal propriety be urged that the owner of any conditional estate which might extend beyond his life, or even the owner of an absolute title, has something more than a life estate, but that nevertheless, the tax should be assessed as upon a life estate.

In the judgment of this court there vested in the children at the death of their father the absolute right to two-thirds of the estate, subject to be divested on the happening of certain contingencies, and those contingencies are precisely the ones provided for in Section 5343, General Code. Their title is analogous to a base or determinable fee in real estate.

It is further contended by counsel for the executor that the undisposed of remainder of the estate vested immediately in the widow and sister of E. H. Close, subject to the contingencies mentioned in the will. That is not the interpretation placed upon the will by this court. Under the language of item 14 of the will it is provided that when the contingencies therein mentioned shall have occurred, the estate shall be paid and delivered to such persons as "would inherit the same from me." Looking at the entire will, it was the manifest in-

tent of the testator that upon the happening of the contingencies, the estate was to pass to such persons as would then be entitled to inherit the same from the testator under the laws relating to descent and distribution of property of intestates. In other words, the property was to pass not to certain named persons, but to a class which was undetermined at the time of making the will and at the death of the testator, and could only be determined when the events occurred. It is true that ordinarily property vests at the death of the testator, but this rule cannot be applied where it would conflict with the manifest intent of the testator, as expressed in the will, and the clear intent of the testator, apparent in this will, was that under the circumstances mentioned the remainder should pass to such persons as would be entitled to inherit it at the time the contingencies happened.

A will, quite similar, was under construction in *American Builders' Corp.* v. *Galligan*, 93 N. J. Eq., 51, 114 A., 329. That will, after creating certain particular estates, which would determine some time after the death of the testator, gave the remainder "to such persons as would by law inherit the same," and it was held that this meant the persons entitled to inherit the same at the time they were to come into beneficial enjoyment of the same and not such as would inherit at the death of the testator. The principle is clearly stated in 28 Ruling Case Law, 264, and *Hamilton* v. *Rodgers*, 38 Ohio St., 242. Similarly, item 14 of the will of E. H. Close provides that the remainder "shall likewise be paid and delivered over to such persons as would inherit the same from me under the laws of Ohio." In the event that the sister sur-

vived the beneficiaries named in the will she would be entitled to receive the estate, but in the event that she predeceased them the estate would pass to more remote heirs. It has been suggested that the contingencies which arise must be assumed to have occurred immediately upon the death of the testator, and this principle has been applied in various cases. If the principle be applied to the case at bar it would include the contingency that the sister, nephews, and niece would be presumed to have predeceased the beneficiaries named in the will, in which event the property would pass, as already stated, to persons more remote, and therefore would necessitate the fixing of a higher rate of tax. *People* v. *Starring*, 274 Ill., 289, 113 N. E., 627.

If this conclusion results in a hardship on the son and daughter in that it ties up a large sum of money for a considerable period of time, the remedy is with the Legislature and not with the courts.

For the reasons given, the application for re-hearing should be denied.

*Rehearing denied.*

CULBERT and WILLIAMS, JJ., concur.