## O'NEILL v. DISTRICT OF COLUMBIA.

### No. 8188.

United States Court of Appeals for the District of Columbia.

Argued Nov. 12, 1942.

Decided Dec. 21, 1942.

Mr. E. W. Mollohan, Jr., of Washington, D. C., for petitioner. Messrs. Vincent A. Sheehy, Jr., and Arthur C. Elgin, both of Washington, D. C., were on the brief for petitioner. Mr. Donald S. Caruthers, of Washington, D. C., also entered an appearance for petitioner.

Mr. Glenn Simmon, Assistant Corporation Counsel, with whom Messrs. Richmond B. Keech, Corporation Counsel, and Vernon E. West, Principal Assistant Corporation Counsel, all of Washington, D. C., were on the brief for respondent.

Before GRONER, Chief Justice, and VINSON and RUTLEDGE, Associate Justices.

GRONER, C. J.

Charles J. O'Neill, a resident of the District of Columbia, died March 17, 1941. Paragraph two of his will is as follows:

"* * * All the rest, residue and remainder of my estate, of every kind and description, real and personal, wheresoever and however situated, now possessed or that may hereafter be acquired by me, including any lapsed or void legacy or devise, I give, devise and bequeath unto my wife, Julia F. O'Neill, for and during the term of her natural life, and on her death unto my daughters, Julia Mary O'Neill and Helena O'Neill, absolutely and in fee simple, share and share alike, and in the event that either of them be then dead unto the survivor of them, absolutely and, in fee simple, unless the deceased daughter leave issue surviving in which event each surviving issue shall be entitled to the share thereof to which the deceased daughter would have been entitled if living, distributable among such issue, per stirpes and not per capita."

The widow qualified as executrix and in due time filed the required District of Columbia inheritance tax return. She reported a life estate passing to herself and a vested remainder passing to her daughters, Julia and Helena, and computed the tax accordingly. The Assessor, being of opinion that under the provisions of the District of Columbia Inheritance Tax Act the interest of the daughters should be

602

treated as a contingent rather than a vested remainder, assessed the tax on that basis.

The District Board of Tax Appeals affirmed the Assessor's holding in this respect. On this appeal the question is: Was the interest left by the decedent to his daughters vested or contingent? The applicable statute is District of Columbia Revenue Act of 1937, 50 Stat. 686, Chap. 690, Title V, § 10, as amended by the Act of May 16, 1938, 52 Stat. 361, Chap. 223, Sec. 5(d), D.C.Code 1940, § 47, 1607, which reads in part as follows:

"In the case of any grant, deed, devise, descent, or bequest of a life interest or term of years, the donee for life or years shall pay a tax only on the value of his interest, determined in a manner as the Commissioners by regulation may prescribe, and the donee of the future interest shall pay a tax only on his interest as based upon the value thereof at the time of the death of the decedent creating such interest. The value of any future interest shall be determined by deducting from the market value of such property at the time of the death of such decedent the value of the precedent life interest or term of years. Where the future interest is vested the donee thereof shall pay the tax within the time in which the tax upon the precedent life interest or term of years is required to be paid under the provisions of sections 4 and 7 of this article [sections 47–1604 and 47–1606], as the case may be. Where the future interest is contingent the personal representative of such decedent or the persons interested in such contingent future estate shall have the option of (1) paying, within the time herein provided for the payment of taxes due upon vested future interests, a tax equal to the mean between the highest possible tax and the lowest possible tax which could be imposed under any contingency or condition whereby such contingent future interest might be wholly or in part created, defeated, extended, or abridged; or (2) paying the tax upon such transfer at the time when such future interest shall become vested at rates and with exemptions in force at the time of the death of such decedent: * * *."

This statute and the regulations made pursuant thereto definitely distinguish between a vested interest and a contingent interest and specifically provide a different method of taxation for each, with the result that, in this case, the amount of the tax will be larger if the estate passing to the daughters is contingent than if it is vested.

 The District Board of Tax Appeals held, on the authority of Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, and Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, that an interest which, by the local property law, is a vested remainder subject to be divested upon the happening of some uncertain future event is nevertheless, for the purpose of the local tax statute, a contingent remainder. But in our opinion there is nothing in the District of Columbia statute which will justify this conclusion. In the District of Columbia the characteristics of a "vested interest" and a "contingent interest" have been firmly established by repeated decisions of this court, and likewise by statutory enactment. Congress, in enacting the law in question, was legislating solely for the District, and in using the terms "vested" and "contingent" without defining them, recognized as valid for tax purposes the well established distinction between these two classes of estates. To hold otherwise would be to ignore the canon of construction which requires that every word of a statute be given its ordinary and natural meaning.

In this view we are of opinion that the decisions in the Klein and Hallock cases are inapplicable. In each, the decedent had created a trust in favor of his wife, with a provision that if the husband survived the wife the property was to revert to him. In each case the Supreme Court held that the trust property should be included in the decedent's gross estate under the Federal Revenue Act, which defines gross estate as including any property as to which there has been a transfer, by trust or otherwise, intended to take effect in possession or enjoyment at or after death. The rationale of the decisions was that it was the purpose of Congress to tax the transfer of interests which ripened into full enjoyment only at the death of the transferor, that this purpose could not be thwarted by the application of the "refined technicalities of the law of property" to inter vivos transactions which were in effect contingent upon and incomplete until death, and that the "importation of these distinctions and con-

troversies from the law of property into the administration of the estate tax precludes a fair and workable tax system."

These principles have no place here. For this case involves a wholly different disposition of property and arises under wholly different statutory enactments. There is here no attempt to thwart the statute or evade taxation. The interest devised and bequeathed admittedly arises on the death of the testator and is clearly taxable under the local act. The question is, how it shall be taxed. To answer that question by determining whether it is vested or contingent is not to preclude a workable system, for the act itself provides one method in the case of the former and another in the case of the latter. Since, as we have seen, Congress used these terms in their ordinary meaning, all that is required is the determination whether, according to the established property laws of the District of Columbia, this interest is a vested or contingent remainder.

The answer is not difficult, for this court, following the decision of the Supreme Court in Doe ex dem. Poor v. Considine, 6 Wall. 458, 18 L.Ed. 869, has frequently held that devises substantially similar to that in the will of Charles J. O'Neill here create in the devisees vested estates,[1] and the statute of the District of Columbia,[2] which we quote in the margin, confirms the ruling. Both daughters at the time of the father's death were in being and had capacity to take immediate possession upon the termination of their mother's life estate. The devise and bequest of the father to the daughters gave them the property "absolutely and in fee simple", with enjoyment in possession postponed. The added words "and in the event that either of them be then dead unto the survivor of them * * *," etc.,

relate, under the rule expressly recognized in Doe ex dem. Poor v. Considine, supra, to the time of enjoyment and not to the time of vesting in interest.

Respondent, in a supplement to its brief filed after the argument, attempts to support the holding of the Board by cases from New York, Illinois and Ohio.[3] But these authorities are concerned with the construction of particular inheritance tax statutes which are essentially different in the respect in which we are concerned from the one involved here. Each of the three statutes carefully defines contingent interests for the purpose of taxation as interests which may be *wholly or in part created, defeated, extended or abridged.* None of these statutes attempts to differentiate between future interests that are vested and future interests that are contingent in accord with the law of property. The obvious legislative purpose in all three was to make the tax applicable in every case in which there is *any* contingency which might make it impossible to determine who would actually enjoy the property upon the termination of the preceding estate. This is not true of the local tax statute, which, as we have seen, recognizes and taxes separately and differently vested estates and contingent estates and itself leaves such estates undefined and therefore subject to the statutory definition in existing law.[4] The vital difference between the District statute and the statutes of New York, Illinois and Ohio is that in the latter the Legislatures expressly adopted what may be said to be the lay view of contingent estates, while Congress, in the former, did not.

We are of opinion that the decision of the Board that the interest of Julia and Helena was contingent and not vested is wrong.

Reversed.

1 Richardson v. Penicks, 1 App.D.C. 261; O'Brien v. Dougherty, 1 App.D.C. 148; Marshall v. Augusta, 5 App.D.C. 183; Craig v. Rowland, 10 App.D.C. 402; Hauptman v. Carpenter, 16 App.D. C. 524; Vogt v. Vogt, 26 App.D.C. 46; Fields v. Gwynn, 19 App.D.C. 99; Green v. Gordon, 38 App.D.C. 443.

2 D.C.Code (1940) § 45—812. "A future estate is vested when there is a person in being who would have an immediate right to the possession of the land upon the expiration of the intermediate or pre-

cedent estate, or upon the arrival of a certain period or event when it is to commence in possession. It is contingent when the person to whom or the event upon which it is limited to take effect in possession or become a vested estate is uncertain."

3 In re Vanderbilt's Estate, 172 N.Y. 69, 64 N.E. 782; People v. Byrd, 253 Ill. 223, 97 N.E. 293; Tax Commission of Ohio v. Commerce Bank, 24 Ohio App. 331, 157 N.E. 423.

4 See D.C.Statute, supra, footnote 2.