**KEEP et al. v. DISTRICT OF COLUMBIA.**

**AMERICAN SECURITY & TRUST CO. v. DISTRICT OF COLUMBIA.**

**Nos. 10184, 10185.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 6, 1950.

Decided Feb. 20, 1950.

Mr. Caesar L. Aiello, Washington, D. C., for petitioners. Mr. John S. Flannery, Washington, D. C., also entered an appearance for petitioners.

Mr. Harry L. Walker, Assistant Corporation Counsel, D. C., Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D. C., and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for respondent.

Before PRETTYMAN, FAHY, and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are petitions to review decisions of the Board of Tax Appeals for the District of Columbia. No. 10184 involves the Estate of Mabel Thorp Boardman, and No. 10185 involves the Estate of Elizabeth Stillman. The question concerns the inheritance tax to be levied upon remainder interests.

The District of Columbia Revenue Act[1] provides that for inheritance tax purposes the value of any future interest is determined by deducting from the market value of the property at the time of the death of the decedent the value of the precedent life interest. But the statute provides for a difference when a future interest is vested and when it is contingent. Where the future interest is vested, the donee must pay the tax within the time in which the tax upon the precedent life interest is required to be paid. Where the future interest is contingent, the personal representative of the decedent or the persons interested in the contingent future interest have an option of (1) paying, within the time provided for the payment of taxes upon vested interests, a tax equal to the mean between the highest possible tax and the lowest possible tax which could be imposed under the contingency whereby the

21. Sec. 3(d) of the Act.

1. 50 Stat. 683 (1937), as amended; 52 Stat. 360 (1938), 53 Stat. 1111 (1939), D.C.Code § 47—1601 et seq. (1940).

contingent future interest might be defeated, extended or abridged; or (2) paying the tax at the time the future interest becomes vested, but at the rates, etc., as of the time of the death of the decedent.

A general statute of the District of Columbia[2] provides:

"A future estate is vested when there is a person in being who would have an immediate right to the possession of the land upon the expiration of the intermediate or precedent estate, or upon the arrival of a certain period or event when it is to commence in possession. It is contingent when the person to whom or the event upon which it is limited to take effect in possession or become a vested estate is uncertain."

The two wills in the case at bar left property in trust to pay the income therefrom to certain persons and, at the expiration of those life estates, to distribute the principal to the then surviving issue of certain named persons. There were throughout the period of the life estates persons in being who would have taken the principal if the life estates had terminated. Thus, under the statutory definition above quoted, these were vested remainders. At the same time, the remainder interests were subject to be divested should the remaindermen, or any of them, fail to survive the life estates.

Petitioners contend that estates vested but subject to be divested are to be treated as contingent within the meaning of the inheritance tax statute. The Board of Tax Appeals held the remainder interests to be vested and subject to taxation as such. This court considered this problem in O'Neill v. District of Columbia[3] and again in District of Columbia v. Clark.[4] We there held, both times by a unanimous court, that for inheritance tax purposes in the District of Columbia vested and contingent future interests are to be distinguished by the provisions of the general statute above quoted, and that remainders such as those here in question are vested

despite possible divestment. We are not now disposed to depart from a rule thus firmly established. If the peculiarities of remainders vested but subject to be divested indicate that such remainders should be treated for inheritance tax purposes as contingent rather than as vested, the proposal should be presented to the Congress, whose language as it presently appears does not permit that treatment. The ruling and decisions of the Board of Tax Appeals in the cases at bar are affirmed.

**2.** 31 Stat. 1351 (1901), D.C.Code § 45—812 (1940).

**3.** 1942, 77 U.S.App.D.C. 79, 132 F.2d 601.

**4.** 1948, 84 U.S.App.D.C. 88, 175 F.2d 821.